UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                    Plaintiff,

    -against-

KIMBAL VISCUSO, CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS,

                    Defendants.
------------------------------------------------------------x

**08 CIV. 1141**

**COMPLAINT FOR INTERPLEADER**

(28 U.S.C. § 1335(a))

CIVIL ACTION NO.:

JUDGE CONNER

    Plaintiff, The William Penn Life Insurance Company of New York ("William Penn"), complaining of defendants, by its attorneys Bleakley Platt & Schmidt, LLP, alleges:

## JURISDICTION AND VENUE

    1.    Plaintiff is a corporation organized and existing pursuant to the laws of the State of New York, with its offices and principal place of business located in the County of Nassau, State of New York.

    2.    At all times hereinafter mentioned, plaintiff was authorized by the New York State Insurance Department to engage in the business of the issuance of policies of life insurance.

    3.    Upon information and belief, defendant Kimbal Viscuso is an individual who is a citizen of the State of New Jersey.

    4.    Upon information and belief, defendant Charles M. Birns is an individual who is a citizen of the State of New York and a resident of the County of Westchester.

    5.    Upon information and belief, defendant Beth S. Martin-Birns is an individual who is a citizen of the State of New York and is a resident of the County of Westchester.

6. This Court has jurisdiction over this statutory interpleader action pursuant to the provisions of 28 U.S.C. § 1335(a) because there is diversity of citizenship between claimant Kimbal Viscuso and claimants Charles M. Birns, and Beth S. Martin-Birns, and because, as more fully explained below, they are asserting adverse claims to the proceeds of a life insurance policy that is in an amount in excess of $500.

7. This Court has jurisdiction over this statutory interpleader action pursuant to the provisions of 28 U.S.C. § 1335(2) because after the filing of this complaint the plaintiff will move for an order permitting the deposit of the full amount of the disputed proceeds into the registry of this Court.

8. This Court is the proper venue for this action under 28 U.S.C. § 1397 because the residence of defendants and claimants Charles M. Birns and Beth S. Martin-Birns is within the judicial district.

## SUMMARY OF ADVERSE CLAIMS

9. On or about November 8, 1995, William Penn issued life insurance policy 070014261 insuring the life of Jon Fieldman.

10. The policy was in the face amount of $350,000.

11. The owner of the policy was Jon Fieldman.

12. The designated beneficiary of the policy was Kimbal Viscuso.

13. On or about November 13, 2006, William Penn received a "Beneficiary Change Form" signed by Michael Birns, acting pursuant to a "Durable Power of Attorney" executed by Jon Fieldman dated January 31, 2005.

14. The Primary Beneficiaries indicated on the form submitted by Michael Birns were Charles M. Birns and Beth S. Martin-Birns.

15. On or about November 13, 2006, William Penn sent a written notification of the purported change of beneficiary to Jon Fieldman.

16. Upon information and belief, Jon Fieldman died on April 4, 2007.

17. Subsequent to the death of Jon Fieldman, Michael Birns notified William Penn that the proceeds of the subject policy were claimed on behalf of Charles Birns and Beth S. Martin-Birns.

18. Kimbal Viscuso has notified William Penn that she is claiming the proceeds of the subject policy as the "named beneficiary."

19. Under the terms of the policy, there is now due the sum of $350,000 with interest from April 4, 2007 pursuant to New York Insurance Law § 3214.

20. There is no dispute as to the amount payable under the policy.

21. William Penn is indifferent and disinterested as to which of the defendants is entitled to the proceeds of the policy or to the division of the proceeds between them. William Penn is unable to determine to whom the amount due under the policy is payable and is unable to safely determine which of the defendants is entitled to that amount. As a result of these adverse claims, William Penn is or may be exposed to double liability.

22. The whole amount of the proceeds or a part thereof is claimed adversely by the defendants, without any collusion on the part of William Penn.

23. In pursuing this interpleader action, William Penn has incurred costs and attorney's fees in an amount to be shown at a hearing on the propriety of proceeding with this interpleader action.

WHEREFORE, plaintiff demands judgment:

(1) That each of the defendants be restrained from instituting or maintaining any action against the plaintiff for the recovery of the proceeds of William Penn life insurance policy 070014261 or any action seeking any part of these proceeds;

(2)    Requiring defendants to interplead together concerning their claims to the proceeds;

(3)    That plaintiff be discharged from all further liability on the policy or for the proceeds payable on it;

(4)    That plaintiff be awarded its costs and attorney's fees incurred in this action; and

(5)    For such other and further relief as the Court deems just and proper, together with expenses, costs and disbursements of this action payable from the proceeds of the subject policy.

Dated: White Plains, New York
       February 4, 2008

                                                  BLEAKLEY PLATT & SCHMIDT, LLP

                                                  BY: _____
                                                        ROBERT D. MEADE (RM8324)
                                                  *Attorneys for Plaintiff*
                                                  ONE NORTH LEXINGTON AVENUE
                                                  P.O. BOX 5056
                                                  WHITE PLAINS, NY 10602-5056
                                                  (914) 949-2700