UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE WILLIAM PENN LIFE INSURANCE COMPANY
OF NEW YORK,

                            Plaintiff,

              - against -

KIMBAL VISCUSO, CHARLES M. BIRNS and BETH
S. MARTIN-BIRNS,

                         Defendants.
------------------------------------------------------------------------X

**ANSWER TO
PLAINTIFF'S
COMPLAINT FOR
INTERPLEADER**

08 CIV 1141 (WCC)

Defendants CHARLES M. BIRNS and BETH S. MARTIN-BIRNS, by their attorneys, SARETSKY KATZ DRANOFF & GLASS, L.L.P., answering plaintiff's Complaint For Interpleader, hereby respond as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "1", and refer all questions of law to the Court at the time of trial.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "2", and refer all questions of law to the Court at the time of trial.

    3.    Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "3".

    4.    Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "4".

    5.    Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "5".

6.     Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "6", and refer all questions of law to the Court at the time of trial.

7.     Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "7", and refer all questions of law to the Court at the time of trial.

8.     Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "8", and refer all questions of law to the Court at the time of trial.

9.     Deny the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "9" except to admit that in 1995 plaintiff WILLIAM PENN issued life insurance policy number 0700014261 ("the Policy") insuring the life of Jon Fieldman ("Fieldman").

10.    Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "10".

11.    Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "11".

12.    Deny the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "12" and respectfully refer to the Policy and its Endorsements for their terms and content.

13.    Deny the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "13" except to admit that Michael Birns ("Birns") completed a "Beneficiary Change Form" and forwarded said "Beneficiary Change Form" to plaintiff

2

along with the Durable Power of Attorney appointing Birns as the Attorney-in-Fact for Fieldman.

14.     Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "14".

15.     Deny the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "15" and respectfully refer to the November 13, 2006 letter for its terms and content, except to admit that Birns received a letter and endorsement dated November 6, 2006 ("the November 6th Endorsement") and a letter dated November 13, 2006 ("the November 13th letter") confirming that the beneficiaries of the Policy had been changed as requested in the "Beneficiary Change Form" signed by Birns.

16.     Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "16".

17.     Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "17".

18.     Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "18".

19.     Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "19".

20.     Admit the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "20".

21.     Deny the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "21".

3

22.    Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "22" except to admit that the whole amount of the proceeds is claimed by these answering defendants.

23.    Deny knowledge or information sufficient to form a belief as to the allegations of the paragraph of plaintiff's Complaint For Interpleader designated "23".

### AS AND FOR A FIRST CLAIM FOR INTERPLEADER FUNDS AND A FIRST COUNTERCLAIM AGAINST THE WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK

24.    These answering defendants repeat, reiterate and reallege each and every foregoing paragraph of this Answer with the same force and effect as if set forth fully herein.

25.    Defendants CHARLES M. BIRNS and BETH S. MARTIN-BIRNS are the named beneficiaries of the Policy.

26.    Proof of Fieldman's death has been furnished to plaintiff.

27.    Due demand has been made by these answering defendants for payment of the proceeds of the Policy.

28.    Plaintiff has failed to issue the proceeds of the Policy to these answering defendants.

29.    CHARLES M. BIRNS and BETH S. MARTIN-BIRNS, as the named beneficiaries of the Policy, are entitled to the interpleader funds.

4

30.    Based on plaintiff's issuance of the endorsement naming CHARLES M. BIRNS and BETH S. MARTIN-BIRNS as the Policy beneficiaries, should the interpleader funds be awarded to co-defendant KIMBAL VISCUSO, plaintiff will be liable to these answering defendants in the amount of $350,000.00 plus interest from the date of Fieldman's death.

## AS AND FOR A SECOND CLAIM FOR INTERPLEADER FUNDS AND A SECOND COUNTERCLAIM AGAINST THE WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK

31.    These answering defendants repeat, reiterate and reallege each and every foregoing paragraph of this Answer with the same force and effect as if set forth fully herein.

32.    On or about January 31, 2005, Fieldman signed a "Durable Power of Attorney" designating Birns as his Attorney-in-Fact and Agent.

33.    On or about October 13, 2006, Birns, acting on behalf of Fieldman, completed a "Beneficiary Change Form" changing the beneficiary of the Policy to defendants CHARLES M. BIRNS and BETH S. MARTIN-BIRNS.

34.    The "Beneficiary Change Form", along with a copy of the "Durable Power of Attorney", was delivered to plaintiff.

35.    In response to the "Beneficiary Change Form" and the "Durable Power of Attorney" that was annexed, plaintiff, by the November 6th Endorsement, acknowledged the change of beneficiary as requested and provided an endorsement reflecting CHARLES M. BIRNS and BETH BIRNS as the beneficiaries of the Policy.

5

36.    Plaintiff's issuance of the November 6, 2006 Endorsement conveyed, and was intended to convey, the impression that the change in beneficiary requested by Birns was valid and had been accepted by plaintiff.

37.    Plaintiff intended that the issuance of the November 6th Endorsement would be relied upon by Birns.

38.    In the November 13th letter plaintiff stated that:

"Pursuant to your instructions your recent request to change your beneficiary(s) has been completed.  The new designation is as follows:

**Primary Beneficiary:**    Charles Bians [sic]
                         Beth Birns

**Contingent Beneficiary:**  Michael Birns".

39.    Plaintiff's issuance of the November 13th letter conveyed, and was intended to convey, the impression that the change in beneficiary requested by Birns was valid and had been accepted by plaintiff.

40.    Plaintiff intended that the issuance of the November 13th letter would be relied on by Birns.

41.    In reliance upon plaintiff's conduct, including its representations that the beneficiaries were changed as requested, Birns paid plaintiff the annual Policy premium of $4,886.00 by check dated November 8, 2006.

42.    Plaintiff accepted the Policy premium paid by Birns.

43.    Plaintiff's acceptance of the Policy premium paid by Birns on behalf of Fieldman conveyed, and was intended to convey, the impression that the change in beneficiary requested by Birns was valid and had been accepted by plaintiff.

6

44.    Plaintiff was aware of the terms of the "Durable Power of Attorney" at the time that it issued the November 6th Endorsement, issued the November 13th letter and accepted Birns's Policy premium payment.

45.    Prior to Fieldman's death (April 4, 2007) plaintiff never notified Birns that plaintiff considered the "Beneficiary Change Form" to be invalid.

46.    Birns believed that the change of beneficiary was valid and relied on the terms of the November 6th Endorsement, the November 13th letter and plaintiff's acceptance and retention of the Policy premium.

47.    Following Fieldman's death, plaintiff wrote a letter dated April 18, 2007, stating, "The Durable Power of Attorney does not include authority to change the name of any beneficiary in any retirement asset or insurance contract.  Therefore, Kimbal Viscuso is the current beneficiary of record."

48.    Had plaintiff advised Birns, prior to Fieldman's death, that there were any alleged irregularities associated with the "Beneficiary Change Form", Birns would have taken the appropriate steps to correct such alleged irregularities and ensure that these answering defendants were named as the beneficiaries of the Policy.

49.    Birns detrimentally relied on plaintiff's silence, together with plaintiff's issuance of the November 6th Endorsement, the November 13th letter and plaintiff's acceptance and retention of the Policy premium paid by Birns, as evidence that the "Beneficiary Change Form" had been accepted and was valid.

50.    As a result of the aforementioned detrimental reliance, between the time of the issuance of the November 6th Endorsement and the November 13th letter and the acceptance and retention of the Policy premiums paid by Birns, and the time of

7

Fieldman's death, Birns took no further action with regard to the change of beneficiaries on the Policy.

51.    By issuing the November 6th Endorsement and the November 13th letter, and accepting and retaining Birns's payment of the Policy premium, despite being aware of the terms of the "Durable Power of Attorney", plaintiff voluntarily, knowingly and intentionally waived the right to rescind its acceptance of the "Beneficiary Change Form".

52.    By issuing the November 6th Endorsement and November 13th letter and accepting and retaining Birns's payment of the Policy premium, despite being aware of the terms of the "Durable Power of Attorney", plaintiff is estopped from rescinding its acceptance of the "Beneficiary Change Form".

53.    Based on the foregoing, plaintiff is equitably estopped from disputing the validity of the "Beneficiary Change Form".

54.    Based on the foregoing, plaintiff is equitably estopped from disputing Birns's authority to change Fieldman's beneficiaries.

55.    By virtue of the above-referenced waiver and estoppel, these answering defendants are entitled to the proceeds of the Policy.

56.    By virtue of the above-referenced waiver and estoppel, these answering defendants are entitled to the interpleader funds.

57.    Due demand has been made by these answering defendants for payment of the proceeds of the Policy.

58.    Plaintiff has failed to issue the proceeds of the Policy to these answering defendants.

8

59.     CHARLES M. BIRNS and BETH S. MARTIN-BIRNS are entitled to the interpleader funds.

60.     Based on plaintiff's waiver and estoppel as set forth above, should the interpleader funds be awarded to co-defendant KIMBAL VISCUSO, plaintiff will be liable to these answering defendants in the amount of $350,000.00 plus interest from the date of Fieldman's death.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.     Based on the doctrine of waiver plaintiff is precluded from paying to defendant KIMBAL VISCUSO, and defendant KIMBAL VISCUSO is precluded from claiming, the interpleader funds.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.     Based on the doctrine of laches plaintiff is precluded from paying to defendant KIMBAL VISCUSO, and defendant KIMBAL VISCUSO is precluded from claiming, the interpleader funds.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.     Based on the doctrine of estoppel plaintiff is precluded from paying to defendant KIMBAL VISCUSO, and defendant KIMBAL VISCUSO is precluded from claiming, the interpleader funds.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.    Based on the doctrine of collateral estoppel plaintiff is precluded from paying to defendant KIMBAL VISCUSO, and defendant KIMBAL VISCUSO is precluded from claiming, the interpleader funds.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.    Based on the doctrine of res judicata plaintiff is precluded from paying to defendant KIMBAL VISCUSO, and defendant KIMBAL VISCUSO is precluded from claiming, the interpleader funds.

**WHEREFORE**, defendants CHARLES M. BIRNS and BETH S. MARTIN-BIRNS demand judgment:

(i)    declaring that these answering defendants are entitled to the proceeds of the Policy and awarding the interpleader funds to these answering defendants or; alternatively

(ii)    awarding these answering defendants judgment on their counterclaims in the amount of $350,000 plus interest from the date of Fieldman's death; and

10

(iii) awarding these answering defendants the costs, disbursements, expenses and attorneys' fees incurred in this matter together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
April 7, 2008

Yours, etc.,

SARETSKY KATZ DRANOFF & GLASS, L.L.P.
Attorneys for Defendants
CHARLES M. BIRNS and
BETH S. MARTIN-BIRNS
475 Park Avenue South, 26th Floor
New York, New York 10016
(212) 973-9797

By: _____

ALAN G. KATZ

TO:   BLEAKLEY PLATT & SCHMIDT, LLP
Attorneys for Plaintiff
One North Lexington Avenue
P.O. Box 5056
White Plains, New York 10602-5056
(914) 949-2700

KIMBAL VISCUSO
Defendant
300 Spring Street
Red Bank, New Jersey 07701

***COURTESY COPY TO:***
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068-3702
(973) 535-0500

11

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    } SS.:
COUNTY OF NEW YORK }

Ellie Brinson being duly sworn deposes and says that deponent is not a party to the

action, is over 18 years of age and resides in Hudson County, New Jersey; that on

April 7, 2008 deponent, on behalf of defendants CHARLES M. BIRNS and BETH S.

MARTIN-BIRNS, served one copy of the within:  **ANSWER TO PLAINTIFF'S**

**COMPLAINT FOR INTERPLEADER,** upon:

Bleakley Platt & Schmidt, LLP
Attorneys for Plaintiff
THE WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK
One North Lexington Avenue
P.O. Box 5056
White Plains, New York  10602-5056

KIMBAL VISCUSO
Defendant
300 Spring Street
Red Bank, New Jersey  07701

(courtesy copy to:)  Connell Foley LLP
                    85 Livingston Avenue
                    Roseland, New Jersey  07068-3702

at the addresses designated for that purpose depositing true copies of same enclosed

in postpaid properly addressed wrappers in an official depository under the exclusive

care of the United States Post Office in the State of New York.

_____
                                    Ellie Brinson

Sworn to before me this April 7, 2008

_____
Notary Public

WANDA CROSKEY
Notary Public, State of New York
No. 01CR6047125
Qualified in Bronx County
Commission Expires August 28, 20 10