UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                Plaintiff,

   -against-

KIMBAL VISCUSO, CHARLES M. BIRNS       08 Civ. 1141 (WCC)
and BETH S. MARTIN-BIRNS,

                                                            **ECF CASE**

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW**

BLEAKLEY PLATT & SCHMIDT, LLP
*ATTORNEYS FOR PLAINTIFF*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                    Plaintiff,

   -against-

KIMBAL VISCUSO, CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS,

                    Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW**

CIVIL ACTION NO.:
08 Civ. 1141 (WCC)

**ECF CASE**

## POINT I

### THE STATUTORY REQUIREMENTS FOR INTERPLEADER ARE PRESENT

28 U.S.C. § 1335 contains the provisions concerning statutory interpleader – "(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more ... if (1) [t]wo or more adverse claimants, of diverse citizenship as described in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property ...; and if (2) the plaintiff has deposited such money or property ... or the amount due under such obligation into the registry of the court, there to abide the judgment of the court ..."

As discussed in the affidavit of Robert D. Meade, submitted in support of this motion, the defendants, citizens of New Jersey and New York respectively, have each asserted a claim

to the proceeds of a policy of insurance in the amount of $350,000 issued by William Penn insuring the life of Jon Fieldman.

Under these facts it is submitted that this interpleader action should proceed and William Penn should be directed to pay the proceeds into the registry of this Court with appropriate interest.

It should be noted that there is an inconsistency between the requirement of § 1335 that payment into Court precede the commencement of the action and the provision of Rule 67 of the Federal Rules of Civil Procedure that the motion for such a deposit be on notice to the parties. As observed by Judge John Keenan in *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.,* 1984 U.S. Dist. LEXIS 14929 (copy annexed) "[p]ractically speaking, deposit is not a prerequisite to obtaining jurisdiction, but rather, a condition of maintaining it. Otherwise, no Court would have the power to even order a fund deposited thereby ensuring its continued control over the matter." Judge Keenan cited to § 1716 of 7 Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1716 which notes that the comparable Rule 22 interpleader provisions do not require a deposit concluding that "insisting on deposit or a bond as a jurisdictional matter may be overly technical." The current § 1716 concludes the point (at p. 647) by stating that such insistence may "simply provide a source for dispute over what essentially is a minor matter."

Consistent with the foregoing, the Courts have required that the payment of the fund in dispute be paid into Court as a condition of discharge. *See,* the decision of Judge Arthur Spatt in *Hartford Life Insurance Company v. Einhorn,* 452 F.Supp. 126 (E.D.N.Y. 2006) where the insurer's motion to deposit the funds was made and granted at the time a discharge was sought which was more than two years after the commencement of the action.

2

In *Sotheby's Inc. v. Garcia,* 802 F.Supp. 1058 (1992) this Court stated that an interpleader action requires that a stakeholder "be subject to multiple adverse claims against a single fund or liability." *Id.* at 1064. In the present matter each claimant is seeking recovery of the policy proceeds in a cause of action on the contract.

This Court also observed in *Sotheby's* that "[t]he purpose of such an action is to protect the stakeholder from the vexation of multiple lawsuits and from the possibility of multiple liability that could result from inconsistent determinations in different courts." *Id.* at 1064. Such a possibility is presented by the fact that the Viscuso action is pending in a New Jersey state court while the Birns action is before this Court. As noted in Point II, the Birns defendants are not subject to the jurisdiction of the New Jersey courts and the New York State interpleader statute also presents jurisdictional issues. There is simply no other forum for this action to be resolved.

This Court also observed in *Sotheby's* that "[t]he availability of the interpleader remedy, however, is not dependent on the merits of the claims asserted against the stakeholder . . . Moreover, a party is not required to evaluate the merits of conflicting claims at its peril; rather, it need only have a good faith concern about duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others." *Id.* at 1065.

In the present matter, defendant Kimbal Viscuso contends that she remained the beneficiary of the policy after a change of beneficiary to Charles and Beth S. Martin-Birns was made based upon a power of attorney issued to Michael Birns. The power of attorney provided that it may not be used for such purpose. Ms. Viscuso does appear to have strong arguments in support of her position. However, as shown by Exhibit "F" to the affidavit of Robert D. Meade, William Penn sent a notice to the insured, Jon Fieldman, informing him

3


that the beneficiaries had been changed to the indicated individuals. Mr. Fieldman lived for several months after such notice. It is not inconceivable that a finding may be made in this action that Mr. Fieldman thereby ratified the change of beneficiary. Such a finding would be a complete defense to the Viscuso claim. Consequently, William Penn cannot simply conclude that Ms. Viscuso must prevail because of the restrictions in the power of attorney and pay her the funds at this time.

The policy was originally issued as part of a buy-sell agreement concerning a New York City business in which Mr. Fieldman and John Viscuso had interests. It is also possible that the proof may establish that there was some agreement between them when the business relationship terminated concerning the policy which would affect the disposition of the proceeds.

It is submitted that there is a real and compelling need for both claimants to be before this Court so that all issues can be effectively determined.

**POINT II**

**THE DEFENDANTS SHOULD BE ENJOINED FROM COMMENCING OR CONTINUING ANY OTHER ACTION AGAINST WILLIAM PENN TO RECOVER THE PROCEEDS OF THE SUBJECT POLICY**

28 U.S.C. § 2361 provides in part that

> In any civil action of interpleader or in the nature of interpleader, under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

It is submitted that William Penn is entitled to an injunction enjoining the defendants from seeking any recovery arising out of the facts of the subject action in any other forum.

In *Sotheby's Inc. v. Garcia, supra* at 1066, this Court declared that "[a]n injunction against overlapping lawsuits is desirable to insure the effectiveness of the interpleader remedy. It prevents the multiplicity of actions and reduces the possibility of inconsistent determinations."

An injunction would also resolve the issue presented by the fact that jurisdiction over the Birns defendants could not be obtained in the New Jersey action since they are residents of New York. In fact, jurisdiction over William Penn in the New Jersey action is tenuous since this policy was issued in New York insuring the life of a New York resident. The fact that the beneficiary was a resident of New Jersey would not appear to provide a jurisdictional basis for suit in that state by the beneficiary against William Penn. Even if it did, there is no indication that the Birns defendants have done anything which would subject them to the jurisdiction of the New Jersey courts. The serious questions concerning the right of New York State courts to determine the interests of a non-resident in a life insurance policy discussed in a following paragraph, would appear to preclude the New Jersey courts from obtaining jurisdiction for the same purpose over the non-New Jersey parties to this action.

As indicated in Exhibit "L" to the Meade affidavit, the attorneys for Ms. Viscuso have also made it very clear that they have no intention of joining the Birns defendants in the New Jersey action.

The New York statutory interpleader provision found in CPLR 1006(g), which provides for jurisdiction over non-resident claimants, is of "dubious constitutionality." *See* McKinney's CPLR, PRACTICE COMMENTARIES, C 1006.5. It was for this reason that William Penn discontinued the interpleader action commenced in the Supreme Court, County of Nassau, after the attorneys for Ms. Viscuso stated that they would oppose any suit outside of

5

New Jersey. *See* Meade Ex. "P." Additional research led to the conclusion that the only effective remedy of William Penn was a federal statutory interpleader action.

It should also be noted that defendant Viscuso has only asserted a contractual claim against William Penn in the New Jersey action. Consequently, Ms. Viscuso will not suffer any prejudice if the New Jersey action is enjoined. Her claim can certainly be brought as a counterclaim in this action.

## CONCLUSION

THE MOTION OF WILLIAM PENN SHOULD BE GRANTED.

Dated: White Plains, New York
April 23, 2008

<div style="text-align: right;">

BLEAKLEY PLATT & SCHMIDT, LLP

BY: _____
ROBERT D. MEADE (RM-8324)
*Attorneys for Plaintiff*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

</div>

Get a Document - by Citation - 1984 U.S. Dist. LEXIS 14929   Page 1 of 6   Page 1 of 6

Case 7:08-cv-01741-WCC   Document 42-2   Filed 04/23/2008   Page 1 of 6

LexisNexis® Total Research System

Switch Client | Preferences | Sign Off | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | D

Service: Get by LEXSEE®
Citation: 1984 U.S. Dist. LEXIS 14929

*1984 U.S. Dist. LEXIS 14929, ***

PRICE & PIERCE INTERNATIONAL, INC., Plaintiff, against SPICERS INTERNATIONAL PAPER SALES, INC. and PAPITERIES DE BELGIQUE, Defendants.

No. 84 Civ. 3728 (JFK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1984 U.S. Dist. LEXIS 14929

July 16, 1984

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporation commenced a civil interpleader action against two defendant corporations, seeking to be discharged from further liability in connection with the fund and to enjoin any action by defendants based upon the fund. Plaintiff sought an order enjoining further prosecution of an action commenced by defendant one in state court. Defendant one cross-moved for a stay of the interpleader action, pending the state action.

**OVERVIEW:** Defendant one commenced the state action against plaintiff. Plaintiff commenced the interpleader action. The court ordered the fund deposited. The state court ordered the fund escrowed. A state appellate division refused to stay the escrow order. Plaintiff moved to enjoin further prosecution of the state action. Defendant one cross-moved for a stay of the interpleader action. The court held that (1) it had original jurisdiction of interpleader actions under 28 U.S.C.S. § 1335, even without complete diversity and the deposit of the fund; thus, the court would enjoin the state court order, which sought to deprive the court of its jurisdiction, (2) under 28 U.S.C.S. § 2361, the court had the power to enjoin the prosecution of any legal proceedings in state court affecting the interpleader fund, and (3) given that the state action was in personam, that escrow of the fund was not ordered until after the court ordered the fund deposited, and that defendant two was not a party to the state action, thus possibly subjecting plaintiff to multiple liability, it was essential to a full and fair resolution of the parties' claims that the state action be stayed.

**OUTCOME:** The court granted plaintiff's motion to stay prosecution of the state action insofar as it sought to affect the interpleader fund. The cross-motion was denied.

**CORE TERMS:** interpleader, deposit, injunction, deposited, cross-motion, escrow, principal place of business, ordering, interpleader action, jurisdictional, purport, enjoin, causes of action, fund deposited, principles of comity, prerequisite, citizenship, stakeholder, diversity, claimants, registry, posting, conversion, intervene, deliver

## LEXISNEXIS® HEADNOTES  ⊟ **Hide**

Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview 

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

HN1± 28 U.S.C.S. § 1335 is a grant to the district courts of original jurisdiction of interpleader actions. More Like This Headnote

Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview
Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

HN2± See U.S.C.S. § 1335.

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Citizenship > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

HN3± Complete diversity between a stakeholder and claimants is not required in a civil action of interpleader. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

HN4± Deposit is not a prerequisite to obtaining jurisdiction in a civil act of interpleader, but rather, a condition of maintaining it. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Federal & State Interrelationships > Anti-Injunction Acts > Anti-Injunction Act
Civil Procedure > Parties > Interpleaders > General Overview

HN5± 28 U.S.C.S. § 2283 gives a district court power to stay proceedings in a state court where necessary in aid of its jurisdiction. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
Civil Procedure > Parties > Interpleaders > General Overview

HN6± Although, as a general rule, the language of the federal interpleader statute, 28 U.S.C.S. § 1335, requires either deposit of a stake or the giving of a bond as a condition of jurisdiction, the success of Fed. R. Civ. P. 22, which does not have a comparable requirement, indicates that insisting on deposit or a bond as a jurisdictional matter may be overly technical. The purpose of the deposit requirement is to ensure the safety of the disputed stake, thereby facilitating enforcement of a court's ultimate judgment. Cases which have held failure to deposit a fund to be a jurisdictional defect, generally involve plaintiff's who deliberately withhold funds. Accordingly, where deposit is not required for security by the stakeholder, it should not be a jurisdictional condition. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Parties > Capacity of Parties > General Overview
Civil Procedure > Parties > Interpleaders > General Overview
Civil Procedure > Remedies > Deposits in Court

HN7± Because 28 U.S.C.S. § 2408 relieves the United States from any requirement of posting security for damages or costs in prosecution of any proceeding, it need not make any deposit in court in lieu of chattel as required of an ordinary plaintiff in an interpleader action who does not deposit the fund or res in court. More Like This Headnote

Civil Procedure > Parties > Interpleaders > General Overview
Criminal Law & Procedure > Trials > Judicial Discretion
Governments > Courts > Judicial Comity

HN8± 28 U.S.C.S § 2361 gives a district court the power to enjoin the prosecution of any legal proceedings in a state court affecting an interpleader fund. In deciding whether to exercise its discretion pursuant to 28 U.S.C.S. § 2361, the district court must consider the fundamental

Get a Document - by Citation - 1984 U.S. Dist. LEXIS 14929    Page 3 of 6

Case 7:08-cv-01141-WCC    Document 42-2    Filed 04/23/2008    Page 3 of 6

principles of comity and equity.   More Like This Headnote

**COUNSEL:** [*1]  WHITMAN & RANSOM, 522 Fifth Avenue, New York, New York 10036, By: ALLEN A. HANS, ESQ., For Plaintiff

WHITE & CASE, 1155 Avenue of the Americas, New York, New York 10036, By: ALICE R. BELAIR, ESQ., For Defendant Papiteries De Belgique, JOEL Z. ROBINSON, 50 Rockefeller Plaza, New York, New York 10020, By: THOMAS GENTITHES, ESQ., For Defendant Spicers International Paper Sales, Inc.

**OPINION BY:** KEENAN

OPINION

OPINION

JOHN F. KEENAN, United States District Judge:

This interpleader action was commenced by Price & Pierce International, Inc. ("Price & Pierce"), against Spicers International Paper Sales, Inc. ("SIPSI"), and Papiteries De Belgique ("Papiteries"), pursuant to Title 28, Sections 1332 and 1335 of the United States Code and Rule 22 of the Federal Rules of Civil Procedure. The complaint seeks: (1) permission to pay to the Clerk of this Court the Interpleader Fund in the sum of $817,376.27; (2) relief and discharge of Price & Pierce from any further liability on any claim based upon receipt of the monies deposited in the Interpleader Fund; (3) determination of which of the defendants is entitled to the amount of the Interpleader Fund or, if none is entitled to the full amount of [*2]  the Interpleader Fund, the proportionate share to which each is entitled; and, (4) an injunction against each of the defendants from instituting or prosecuting any action based upon the Interpleader Fund.

Plaintiff has moved, by Order to Show Cause, for an Order enjoining the further prosecution of an action commenced by SIPSI against Price & Pierce in the Supreme Court of the State of New York, County of New York (the "State action"), insofar as such action purports to affect the Interpleader Fund, and in aid of this Court's jurisdiction insofar as an order entered in the State action purports to enjoin Price & Pierce from depositing the Interpleader Fund with the Clerk of the Court. SIPSI has cross-moved for a stay of this action pending the disposition of the State action. For the reasons stated hereafter, plaintiff's motion is granted and SIPSI's cross-motion is denied.

BACKGROUND

The following set of facts underly the instant dispute:

Price & Pierce is a New York Corporation which maintains its principal place of business in Stamford, Connecticut. SIPSI is a Delaware Corporation which, according to the complaint, maintains its principal place of business in the District [*3]  of Columbia. SIPSI contends that at the time this action commenced it maintained its principal place of business in New York. Papiteries is a Belgian Corporation which maintains its principal place of business in Brussels, Belgium.

On April 26, 1984, SIPSI commenced the State action against Price & Pierce asserting two causes of action arising out of an asset purchase agreement whereby SIPSI purchased the asets and business of Price & Pierce and under which Price & Pierce agreed to continue to operate, on SIPSI's behalf, various aspects of the business. The State complaint asserts: (a) a cause of action claiming conversion by Price & Pierce of specific funds allegedly belonging to SIPSI in the amount of $884,047.49 and seeks an injunction ordering Price & Pierce to pay such funds over to SIPSI; and (b) a cause of action claiming conversion by Price &

Get a Document - by Citation - 1984 U.S. Dist. LEXIS 14929

Case 7:08-cv-01141-WCC    Document 12-2    Filed 04/23/2008    Page 4 of 6    Page 4 of 6

Pierce of other property of SIPSI and an injunction ordering Price & Pierce to deliver such property to SIPSI.

On April 26, 1984 SIPSI moved, by Order to Show Cause, in the State action, for a preliminary injunction ordering Price & Pierce to pay over all funds of SIPSI in its possession and to deliver to SIPSI all other property **[*4]** of SIPSI in its possession. While that motion was under advisement, on May 25, 1984, plaintiff commenced the instant action.

On June 6, 1984, this Court issued an Ex Parte Order granting plaintiff's application to deposit the Interpleader Fund with the Clerk of the Court. Subsequently, on June 11, 1984, New York State Supreme Court Justice Orest Maresca denied SIPSI's motion for an injunction in the State action, ordered Price & Pierce to hold in escrow such portion of the fund that it had not deposited in the Federal Court, and placed the State action on the calendar for an immediate trial. On June 21, 1984 the Appellate Division, First Department, denied Price & Pierce's request for a stay of Justice Maresca's order. The instant motions followed.

DISCUSSION

Before this Court can address the parties' motions and cross-motion, it must determine whether this Court has jurisdiction over the matter at hand. Plaintiff asserts that interpleader jurisdiction exists pursuant to Rule 22 of the Federal Rules of Civil Procedure and Title 28, Section 1335 of the United States Code. Defendant's position is that jurisdiction is not proper under Rule 22 because complete diversity of **[*5]** citizenship between plaintiff-stakeholder and claimants-defendants is absent nor under 28 U.S.C. § 1335 because the Interpleader Fund has not been deposited.

Since the Court finds that jurisdiction exists pursuant to 28 U.S.C. § 1335, it need not consider whether jurisdiction also exists under 28 U.S.C. § 1332.

28 U.S.C. § 1335 <sup>HN1</sup> is a grant to the district courts of original jurisdiction of interpleader actions. <sup>HN2</sup> It provides, in relevant part, as follows:

(a) The district court shall have original jurisdiction of any civil act of interpleader or in the nature of interpleader . . . if

(1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money . . . and if (2) the plaintiff has deposited such money . . . into the registry of the Court, there to abide the judgment of the Court . . .

<sup>HN3</sup> Complete diversity between the stakeholder and the claimants is not required. Treines v. Sunshine-Mining Company, 308 U.S. 66, 71-3 (1939). Defendant argues that this Court cannot assert its jurisdiction pursuant to 28 U.S.C. § 1335 because, pursuant to Judge Maresca's order, Price & Pierce have held the fund in escrow rather than **[*6]** deposit it with the registry of this Court.

Practically speaking, <sup>HN4</sup> deposit is not a prerequisite to obtaining jurisdiction, but rather, a condition of maintaining it. Otherwise, no Court would have thepower to even order a fund deposited thereby ensuring its continued control over the matter. Accordingly, 28 U.S.C. § 2283 <sup>HN5</sup> gives this Court power to stay proceedings in State Court "where necessary in aid of its jurisdiction." Pursuant to 28 U.S.C. § 2283, this Court hereby enjoins Judge Maresca's order with regard to the interpleader fund, which seeks to deprive this Court of its jurisdiction.

Further, <sup>HN6</sup> although, as a general rule, the language of the federal interpleader statute requires either deposit of the stake or the giving of a bond as a condition of jurisdiction, Metal Transport Corp v. Pacific Venture Steam Corp., 288 F.2d 363, 365-6 (2d Cir. 1961), the success of Rule 22, which does not have a comparble requirement "indicates that insisting on deposit or a bond as a jurisdictional matter may be overly technical." Wright & Miller, Federal Practice & Procedure: Civil § 1716 n.79.

Get a Document - by Citation - 1984 U.S. Dist. LEXIS 14929

Case 7:08-cv-01141-WCC   Document 12-2   Filed 04/23/2008   Page 5 of 6

Page 5 of 6

The purpose of the deposit requirement is to ensure the safety of the disputed stake, [*7] thereby facilitating enforcement of the Court's ultimate judgment. Id. Cases which have held failure to deposit a fund to be a jurisdictional defect, generally involve plaintiff's who deliberately withhold funds. See e.g., Metal Transport, 288 F.2d at 366; Austin v. Texas-Ohio Gas Co., 218 F.2d 739, 745 (5th Cir. 1955). Accordingly, where deposit is not required for security by the stakeholder, it should not be a jurisdictional condition. * Cf. Unitged States v. Herce, 334 F. Supp. 111, 112-13 (S.D.N.Y. 1971).(Holding that HN7 because 28 U.S.C. § 2408 relieves the United States from any requirement of posting security for damages or costs in prosecution of any proceeding, it need not make any deposit in Court in lieu of chattel as required of an ordinary plaintiff in an interpleader action who does not deposit the fund or res in court).

**FOOTNOTES**

* The notion that the purpose of deposit is for security rather than as a prerequisite to jurisdiction is further supported by the statutory alternative to deposit of posting a bond.

Here, plaintiff has done everything in its power to deposit the fund with this Court. The Court is fully confident that plaintiff will continue to comply with [*8] any order of this Court with respect to the fund. But for the order of the state judge ordering Price & Pierce to hold the fund in escrow, plaintiff would have deposited it with the Clerk of this Court. In these circumstances, deposit of the fund is not a condition of maintaining federal jurisdiction.

Having established that this Court has jurisdiction over the matter at hand and that the State Court is enjoined from enforcing its order that Price & Pierce hold the interpleader fund in escrow, this Court must now consider the substance of the parties motions, namely, plaintiff's motion to stay the State action insofar as it affects the Interpleader Fund and SIPSI's cross-motion to stay the instant action.

28 U.S.C. § 2361 HN8 gives this Court the power to enjoin the prosecution of any legal proceedings in State Court affecting the fund here involved. In deciding whether to exercise its discretion pursuant to 28 U.S.C. § 2361, this Court must consider the fundamental principles of comity and equity. Here, the State action preceded the instant action. Unlike the instant case, however, that action is in personam. The State Court did not purport to take control of the fund until [*9] June 11, 1984, after this Court ordered the fund deposited on June 6, 1984. No principle of comity requires this Court to yield to the jurisdiction of the State Court based on its subsequent order regarding the fund.

Further, Papiteries is not presently a party in the State action and may not consent to intervene, or may be unable to intervene in that action. Accordingly, if SIPSI were to prevail in the State action, Price & Pierce might be subject to multiple liability. Thus, it is essential to a full and fair resolution of the parties' claims to stay the state action insofar as it seeks to affect the interpleader fund, pending resolution of the instant lawsuit. Accordingly, plaintiff's motion is hereby granted and SIPSI's cross-motion is hereby denied.

SO ORDERED.

Service: **Get by LEXSEE®**
Citation: **1984 U.S. Dist. LEXIS 14929**
View: Full
Date/Time: Monday, April 21, 2008 - 6:09 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated

Get a Document - by Citation - 1984 U.S. Dist. LEXIS 14929
Case 7:08-cv-01841-WCC   Document 42-2   Filed 04/23/2008   Page 6 of 6
Page 6 of 6
Ⓐ - Citing Refs. With Analysis Available
Ⓣ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help


About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.