UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                    Plaintiff,

-against-

KIMBAL VISCUSO, CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS,

                    Defendants.

------------------------------------------------------------------X

**ANSWER TO COUNTERCLAIMS AND COUNTERCLAIM**

08 Civ. 1141 (WCC)

**ECF CASE**

      Plaintiff, The William Penn Life Insurance Company of New York, by its attorneys, Bleakley Platt & Schmidt, LLP, as its answer to the counterclaims of defendants Charles M. Birns and Beth S. Martin-Birns:

      1.     Denies knowledge or information sufficient to form a belief concerning the allegations contained in paragraphs 25, 29, 32, 33, 35 and 48.

      2.     Denies the allegations contained in paragraph 38, except admits that a letter was sent to Jon Fieldman, dated November 13, 2005, containing the quoted statement.

      3.     Denies the allegations contained in paragraph 42, except admits the receipt of a purported premium payment for the specified period.

      4.     Denies the allegations contained in paragraph 47, except admits that a letter was sent to Michael Birns, dated April 18, 2007, containing the quoted statement.

      5.     Denies the allegations contained in paragraphs 26, 27, 28, 30, 36, 37, 39, 40, 41, 43, 44, 46, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60.

6. Repeats and realleges the denials and admissions herein made to the allegations contained in paragraphs 24 and 31.

## AS A FIRST AFFIRMATIVE DEFENSE

7. The Durable Power of Attorney, dated January 31, 2005, purportedly executed by Jon Fieldman appointing Michael Birns as "Attorney-in-Fact and Agent" provided, in paragraph 17, that it was subject to the laws of the State of Arizona.

8. Paragraph 1 of this document contained an "Advisory Notice to Agent" that under "Arizona Revised Statute Section 14-5506 . . . an agent cannot receive any benefits from Principal unless those benefits are specifically identified in detail within this instrument or within a written contract. Otherwise, the agent could be subject to criminal prosecution or subject to the penalty provisions of Arizona Revised Statute Section 46-456, which authorizes the loss of the agent's right to inherit from principal as well as payment of treble damages and attorney fees. An agent should carefully review these statutes or consult with a knowledgeable attorney prior to exercising the authority granted by this Power of Attorney."

9. It was provided in paragraph 14 of the Durable Power of Attorney that the authority granted to the agent "shall not include the authority to change the name of any beneficiary in any retirement asset or insurance contract."

10. As the result thereof, Michael Birns lacked the authority to change the beneficiary of the subject policy to his wife and son.

## AS A SECOND AFFIRMATIVE DEFENSE

11. As the result of the provisions of the Durable Power of Attorney alleged in the First Affirmative Defense, an estoppel against the maintenance of the counterclaims should be applied against Charles M. Birns and Beth S. Martin-Birns who are attempting to assert rights

against William Penn based upon acts which were unauthorized and, upon information and belief, illegal under the laws of the State of Arizona applicable to the subject document.

### AS A THIRD AFFIRMATIVE DEFENSE

12. The acts of William Penn alleged in the counterclaims to have been performed in November 2006 as the result of the submission of a request to change the beneficiary of the subject policy resulted from the mutual mistake of Michael Birns and William Penn concerning the provisions of the Durable Power of Attorney and the authority of Michael Birns to effect a change of beneficiary thereunder.

13. As the result thereof, defendants are not entitled to any relief on the subject counterclaims.

### AS A FIRST COUNTERCLAIM
### AGAINST DEFENDANTS CHARLES M. BIRNS
### AND BETH S. MARTIN-BIRNS

14. On or about November 13, 2006, acting pursuant to a Durable Power of Attorney purportedly executed by Jon Fieldman, Michael Birns submitted a Beneficiary Change Form to William Penn requesting that the beneficiary of William Penn policy 0700014261, insuring the life of Jon Fieldman be changed from Kimbal Viscuso to Charles M. Birns and Beth S. Martin-Birns.

15. The Durable Power of Attorney submitted with the request expressly provided that the authority granted to Michael Birns "shall not include the authority to change the name of any beneficiary in any retirement asset or insurance contract."

16. Neither William Penn, nor, upon information and belief, Michael Birns were aware of the aforesaid limitation on the authority of Michael Birns and that the Durable Power of Attorney could not be used by Michael Birns for the requested purpose.

17.     William Penn and, upon information and belief, Michael Birns believed that the Durable Power of Attorney could be used to change the beneficiary of the subject policy.

18.     As the result of the mutual mistake of William Penn and Michael Birns, the beneficiary of the subject policy was changed by William Penn to Charles M. Birns and Beth S. Martin-Birns.

19.     As the result of the mutual mistake of William Penn and Michael Birns, the terms of the subject policy did not reflect the intent of Jon Fieldman and William Penn that Kimbal Viscuso remain the beneficiary thereof.

20.     William Penn requests that the policy be reformed to indicate that Kimbal Viscuso is the proper beneficiary thereof.

21.     William Penn does not have an adequate remedy at law.

WHEREFORE, plaintiff demands judgment dismissing the counterclaims, together with costs and further demands judgment on the First Counterclaim reforming William Penn life insurance policy 0700014261 to provide that Kimbal Viscuso is the beneficiary thereof, together with such different relief as to this Court may seem just and proper.

Dated: White Plains, New York
       April 30, 2008

BLEAKLEY PLATT & SCHMIDT, LLP

BY: _____
    ROBERT D. MEADE (RM-8324)
*Attorneys for Plaintiff*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

TO:   SARETSKY KATZ DRANOFF & GLASS, L.L.P.
      *Attorneys for Defendants Charles M. Birns and Beth S. Martin-Birns*
      475 PARK AVENUE SOUTH
      NEW YORK, NY 10016

      M. TREVOR LYONS, ESQ.
      CONNELL FOLEY LLP
      *Attorneys for Defendant Kimbal Viscuso*
      85 LIVINGSTON AVENUE
      ROSELAND, NJ 07068-3702