UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                          Plaintiff,

   -against-

KIMBAL VISCUSO, CHARLES M. BIRNS        08 Civ. 1141 (WCC)
and BETH S. MARTIN-BIRNS,

                                                       **ECF CASE**

                        Defendants.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION
# TO MOTION OF DEFENDANT KIMBAL VISCUSO

BLEAKLEY PLATT & SCHMIDT, LLP
*ATTORNEYS FOR PLAINTIFF*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                    Plaintiff,

   -against-

KIMBAL VISCUSO, CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS,

                    Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW
IN OPPOSITION TO
MOTION OF DEFENDANT
KIMBAL VISCUSO**

08 Civ. 1141 (WCC)

**ECF CASE**

## **PRELIMINARY STATEMENT**

      The motion of defendant Kimbal Viscuso advances several erroneous legal arguments. As shown in this memorandum the contention of Ms. Viscuso that William Penn has unclean hands is factually incorrect since no such inequitable conduct occurred. The contention of Ms. Viscuso that allegations of independent liability against a stakeholder bars interpleader is based upon a legal theory which has been rejected by modern courts and commentators.

      The contention of Ms. Viscuso that William Penn should be directed to seek interpleader relief in the pending New Jersey action ignores the fact that jurisdiction over the Birns defendants and perhaps William Penn would not exist in that forum.

      The Viscuso motion for summary judgment (which is unsupported by a Rule 56.1 statement) raises factual and legal issues at this early stage of the litigation.

1

## **POINT I**

### **THE "UNCLEAN HANDS" AND INDEPENDENT LIABILITY ARGUMENTS OF DEFENDANT VISCUSO HAVE NO FACTUAL OR LEGAL BASIS**

Defendant Viscuso moves to dismiss this action upon the conclusory contention that William Penn's conduct in this matter constituted unclean hands. The unclean hands argument is based upon the following contained in the "Preliminary Statement" of the Viscuso memorandum – "plaintiff William Penn is not a disinterested stake holder, and therefore lacks the clean hands necessary to maintain an action in equity . . ." On page 6 of her memorandum, Ms. Viscuso attempts to support her argument by claiming that "because the present dispute between competing claimants to the relevant life insurance proceeds is the result of plaintiff William Penn's own misconduct and/or negligence, it lacks the clean hands necessary to obtain interpleader."

The only "misconduct and/or negligence" that could possibly be claimed is the fact that William Penn processed the change of beneficiary request improperly submitted by Michael Birns. Under no accepted view could such an act constitute unclean hands. In National Distillers & Chemicals Corporation v. Seyopp Corp., 17 N.Y.2d 12, 15-16 (1966), the New York Court of Appeals stated that the clean hands doctrine "is never used unless the plaintiff is guilty of immoral, unconscionable conduct . . ."

The failure of a William Penn clerk to detect the restriction contained in two lines of a seven-page Power of Attorney has no moral or ethical implications whatsoever.

In Royal School Laboratories, Inc. v. Town of Watertown, 358 F.2d 813 (2d Cir. 1966), the Town failed to obtain a bond to secure suppliers as required by a contract. The Court stated that "[w]hatever the scope of the doctrine that interpleader may not be invoked by a plaintiff with unclean hands (citing authority), the Town's negligent failure to obtain a

2

bond is not 'unclean enough to trigger this principle.'" <u>Id.</u> at 817, fn. 3. Similarly, a clerical error cannot reasonably be contended to be the type of conduct which could affect a party's right to interpleader. There is simply no hint of the "wrongful intent or willful misconduct" required to establish unclean hands. <u>A.H. Emery Company v. Marcan Products Corporation</u>, 389 F.2d 11, 17 fn. 4 (2d Cir. 1968). The Court added that "mere negligent conduct has not sufficed."

The related contention of Ms. Viscuso, stated on page 6 of her memorandum, that the possibility of independent liability to the claimants bars interpleader has been consistently rejected by modern courts. <u>See</u> cases discussed in 4 <small>MOORE'S FEDERAL PRACTICE</small>, § 22.07 where the authors state that "[t]his limitation should be considered jettisoned both in rule and statutory interpleader. The reason underlying the early insistence on stakeholder neutrality is no longer viable." It is then explained that under prior practice a claimant could not assert an independent claim against the stakeholder, a restriction which no longer exists. Thus, the old rule that interpleader is inappropriate where an independent liability claim is asserted no longer has any validity. Such an independent liability can be alleged, as it is here, by the Birns defendants, and be determined in the interpleader action. <u>See also</u> 7 Wright Miller & Kane, <small>FEDERAL PRACTICE & PROCEDURE</small>, § 1706 for further support of this principle.

Consequently, <u>Trowbridge v. Prudential</u>, cited by Ms. Viscuso on page 6 of her memorandum which applied the old rule concerning independent liability is contrary to present practice.

<u>Trowbridge</u> appears to have been incorrectly decided in any event. The policies provided that the beneficiaries could only be changed with the written consent of all of the beneficiaries. The insured/owner requested changes without obtaining such written consent.

3

The insurance company accepted the request. The Court indicated that the person named as the new beneficiary was not entitled to the proceeds but could sue the insurer for "negligent misrepresentation and/or contract estoppel." This result is very questionable since a beneficiary "stands in the shoes of the insured" and cannot sue an insurer for a failure to discover an improper act of the policy owner. Modern Holding Company v. Ridgewood Savings Bank, 210 A.D.2d 465 (2d Dept. 1994). In the present matter, the suit seeks recovery by the wife and son of the person who wrongfully requested the change of beneficiary.

Trowbridge also appears to have ignored the fact that a person is charged with knowledge of the terms of his own policy. An action cannot be based upon a position contrary to the express terms of the contract. See, e.g. Busker on the Roof Limited Partnership Co. v. Warrington, 283 A.D.2d 376 (1st Dept. 2001). The insured in Trowbridge simply had no right to change the beneficiaries and the person sought to be added should not have been permitted to have benefited from the unauthorized act.

Absent the existence of an attorney-client relationship between them under New York law, a beneficiary of an estate cannot sue an attorney-draftsman for negligence in the preparation of a will. See, e.g. Conti v. Polizzotto, 243 A.D.2d 672 (2d Dept. 1997). If a recovery is not possible under such circumstances, where the valid instructions of a testator are not followed, how can a cause of action be based upon instructions to an insurer to act contrary to a contractual restriction? It is submitted that under the facts of this case there can be only one beneficiary. Once that person is determined, the unsuccessful claimant is without any remedy against William Penn.

## POINT II

### THE NEW JERSEY STATE COURTS ARE AN INAPPROPRIATE VENUE FOR THIS ACTION

In Point II of her memorandum, Ms. Viscuso argues that this Court should abstain from entertaining this action because "there is an adequate and in fact more complete remedy at law in a concurrent state court action . . ." in New Jersey.

The sincerity of this argument is questionable since as indicated in the letter of defendant Viscuso's attorney which is Exhibit L to the William Penn motion, "nor is it our intention to voluntarily participate in an interpleader action in any Court . . . We have advised Barry Saretsky, Esq., counsel for (Birns) that we do <u>not</u> intend to join them in the New Jersey action." Emphasis in original.

This argument of Ms. Viscuso is also legally unsupportable. The claim on page 8 of her memorandum that interpleader is unnecessary "if another action could adequately redress the threat that the stakeholder might be held doubly liable" has no relevance since the New Jersey state courts would have no jurisdiction over the Birns defendants absent their voluntary appearance.

Contrary to the contention of Ms. Viscuso on page 9, interpleader is not "equally available" to William Penn in New Jersey. Only a federal statutory interpleader action is viable due to the inability of a federal district court in a Rule 22 interpleader action, which is subject to the jurisdictional limitations of the federal courts (4 Moore's FEDERAL PRACTICE & PROCEDURE, § 22.04[2][a]), or a state court, to exercise jurisdiction over a claimant who is not a resident of the forum state. See the discussion of Professor Vincent C. Alexander, McKinney's CPLR PRACTICE COMMENTARIES, C1006.5 concerning the constitutional infirmities in CPLR 1006(g) which purports to provide New York courts with jurisdiction

5

over non-resident claimants to a fund. Such issues certainly would apply to any attempt by a New Jersey court to do the same.

Jurisdiction exists in this statutory interpleader action over all claimants to the fund wherever located. 28 U.S.C. § 1335.

The assertion on page 10 of the Viscuso memorandum that the Birns defendants could be barred by a New Jersey judgment rendered in an action to which they were not parties "on comity grounds" cannot be seriously made. It should require no citation of authority for the proposition that a person cannot be bound by a judgment rendered by a court which lacked personal jurisdiction. Comity is a concept that applies to judgments of courts of foreign countries. A judgment of a U.S. state rendered without jurisdiction is not entitled to full faith and credit. 54 NEW YORK JURISPRUDENCE 2D, Enforcement of Judgments.

The argument is also illogical since the concept of comity requires a judgment which is jurisdictionally valid. Id. at § 343.

Here, defendant Viscuso appears to present comity as an unprecedented alternative to jurisdiction!

Incidentally, contrary to the assertion of defendant Viscuso, there is no negligence claim in the Viscuso complaint (Ex. J to the William Penn motion). There is only one cause of action seeking recovery upon the basis that defendant Viscuso is the proper beneficiary. There is no allegation of the breach of a duty owed to Ms. Viscuso which would be required in any negligence claim.

It is also highly questionable whether jurisdiction exists over William Penn in New Jersey since the subject policy was issued in New York to a New York resident by an insurer that does not do business in New Jersey. The fact that a New Jersey beneficiary was named in

6

New York would not appear to be purposeful activity within New Jersey conferring jurisdiction over William Penn. Even if it was, it is evident from the foregoing that only a federal statutory interpleader action can avoid the serious jurisdictional issues which would exist if this action was tried in a New Jersey court.

## POINT III

### THE MOTION OF DEFENDANT VISCUSO FOR SUMMARY JUDGMENT IS PREMATURE

In Point III of her memorandum, defendant Viscuso erroneously states that it is the position of William Penn that Arizona law controls the issue of her right to the funds. The argument made by counsel for William Penn at the recent conference concerning Arizona law referred to the fact that the power of attorney was issued pursuant to the law of that state. The subject policy was issued pursuant to New York law to a New York resident. Defendant Viscuso does not submit any authority for the proposition that Arizona law should determine the rights of the claimants.

It is submitted that the motion of defendant Viscuso for summary judgment is premature. It is unsupported by a Rule 56.1 statement. As discussed in the William Penn motion, factual issues may be raised by the Birns defendants concerning a ratification of the unauthorized request for a change of beneficiary. A deposition of defendant Kimbal Viscuso and her husband, the former business partner of the insured, is required to ascertain whether any agreement was reached between Mr. Viscuso and the insured concerning the subject key man policy, which was no longer needed when they concluded their prior business relationship sometime before the request was made to change the beneficiary.

It would be prejudicial to William Penn if summary judgment was granted to defendant Viscuso only to have issues arise subsequently which would raise questions concerning her right to the proceeds.

The erroneous contention of Ms. Viscuso that deposit of the policy proceeds must be made before an action is commenced is addressed in William Penn's motion.

## CONCLUSION

THE MOTION OF DEFENDANT VISCUSO SHOULD BE DENIED.


Dated: White Plains, New York
　　　　May 16, 2008

　　　　　　　　　　　　　　　　　　　　BLEAKLEY PLATT & SCHMIDT, LLP

　　　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　　ROBERT D. MEADE (RM-8324)
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　ONE NORTH LEXINGTON AVENUE
　　　　　　　　　　　　　　　　　　　P.O. BOX 5056
　　　　　　　　　　　　　　　　　　　WHITE PLAINS, NY 10602-5056
　　　　　　　　　　　　　　　　　　　(914) 949-2700