UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>  -against-<br><br>KIMBAL VISCUSO, CHARLES M. BIRNS and BETH S. MARTIN-BIRNS<br><br>    Defendants. | **Civil Action No. 08 Civ. 1141 (WCC)**<br><br>**ECF CASE** |

**DEFENDANT KIMBAL VISCUSO'S BRIEF IN OPPOSITION TO INTERPLEADER-PLAINTIFF WILLIAM PENN LIFE INSURANCE COMPANY'S MOTION ASSERTING THAT IT IS ENTITLED TO MAINTAIN THIS ACTION IN INTERPELADER, AND FOR AN INJUNCTION DISMISSING KIMBAL VISCUSO'S NEW JERSEY STATE COURT ACTION.**

Connell Foley LLP
Attorneys for Kimbal Viscuso
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

*Of Counsel:*

    M. Trevor Lyons

*On the Brief:*

    M. Trevor Lyons

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    IN ADDITION TO THE ARGUMENTS ALREADY MADE, PLAINTIFF WILLIAM PENN CANNOT ESTABLISH THE ADVERSITY REQUIREMENTS NECESSARY FOR INTERPLEADER BECAUSE THERE IS A STRONG POSSIBILITY THAT IT MAY BE FOUND TO BE LIABLE TO BOTH DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

i

# TABLE OF AUTHORITIES

**Page**

*Cases*

American-Hawaiian S. S. Co. v. Bowring & Co., 150 F.Supp. 449
 (S.D.N.Y.1957) .................................................................................................................. 1

Bradley v. Kochenash, 44 F.3d 166 (2d Cir.1995) ...................................................................... 2

Kurland v. U.S., 919 F. Supp. 419 (M.D. Fla. 1996) ................................................................... 4

Mallory S.S. Co. v. Thalheim, 277 F. 196 (2d Cir. 1921) ........................................................... 4

National Union Fire Ins. Co. of Pittsburgh, Pa. v. Coric, 924 F. Supp. 373 (N.D.
 N.Y. 1996) ......................................................................................................................... 4

North American Marketing Corp. v. K. Gronbach & Assoc ., Inc., 221 F.R.D. 296
 (D. Conn. 2002) ............................................................................................................ 2, 3

Poland v. Atlantis Credit Corp., 179 F.Supp. 863 (S.D.N.Y.1960) ............................................ 1

Truck-A-Tune, Inc. v. Re, 856 F. Supp. 77 (D. Conn. 1993), aff'd, 23 F.3d 60 (2d
 Cir. 1994) ........................................................................................................................... 4

U.S. Fire Ins. Co. v. Asbestospray, Inc., 1998 WL 631972 (E.D. Pa. 1998) .............................. 4

Wasserman v. Fidelity & Deposit Co. of Maryland, Inc., 490 F.Supp. 564
 (S.D.N.Y.1979) ................................................................................................................. 4

*Other Authorities*

28 U.S.C. § 1335(b) ................................................................................................................... 2

28 U.S.C. §1332 ......................................................................................................................... 3

28 U.S.C. §1335 ......................................................................................................................... 3

28 U.S.C. §1335(a) .................................................................................................................... 2

Moore's Federal Practice 3d, § 22.03[1][d] ............................................................................... 2

*Wright, Miller, & Kane § 1705* ............................................................................................... 29

# TABLE OF AUTHORITIES (Continued)

<u>**Page**</u>

*Rules*

Rule 12(b) (1) or (6).................................................................................................... 5

**PRELIMINARY STATEMENT**

    The vast majority of reasons why interpleader-defendant Kimbal Viscuso ("Viscuso") opposes plaintiff William Penns Life Insurance Company's ("William Penn") Motion seeking to maintain its action in interpleader, and for an injunction seeking to dismiss the pending New Jersey action are set forth in plaintiff Viscuso's moving papers offered in support of her motion to dismiss the present action in interpleader. In sum, these arguments boil down to the fact that the present controversy is essentially of William Penn's own making, and therefore: (1) William Penn lacks the clean hands necessary to maintain an equitable action in interpleader, and (2) there are claims to more than the interpled fund as William Penn faces potential liability to either one party or the other for substantial *ex delecti* damages. Simply put, William Penn either owes Viscuso the policy proceeds [the most likely scenario] or owes Viscuso an amount equivalent to policy proceeds for negligently permitting an authorized change of beneficiary to occur.[1] Either way, there is an adequate remedy at law available in the New Jersey action, and therefore this Court should as a matter of discretion refuse to entertain jurisdiction over this matter.

---

[1] To the extent that William Penn asserts that it may be subject to conflicting claims this is only a very real possibility because of William Penn own negligent actions. This is not the type of conflict interpleader has historically been permitted to resolve. American-Hawaiian S. S. Co. v. Bowring & Co., 150 F.Supp. 449, 454-55 (S.D.N.Y.1957)("Nevertheless, the better reasoned view seems to be that a party seeking relief in interpleader must show the non-existence of an independent liability to any of the interpleaded parties apart from the liability represented by the fund on deposit."); Poland v. Atlantis Credit Corp., 179 F.Supp. 863, 866-67 (S.D.N.Y.1960)(same).

## LEGAL ARGUMENT

### POINT I

**IN ADDITION TO THE ARGUMENTS ALREADY MADE, PLAINTIFF WILLIAM PENN CANNOT ESTABLISH THE ADVERSITY REQUIREMENTS NECESSARY FOR INTERPLEADER BECAUSE THERE IS A STRONG POSSIBILITY THAT IT MAY BE FOUND TO BE LIABLE TO BOTH DEFENDANTS.**

In addition to the arguments raised in Kimbal Viscuso moving papers, interpleader is additionally not warranted in this case because plaintiff William Penn has failed to show that the claims here are truly adverse to each other, or to the "fund." Specifically, to establish adversity, plaintiff must demonstrate that there is a real risk of double payment on a single liability. North American Marketing Corp. v. K. Gronbach & Assoc ., Inc., 221 F.R.D. 296, 298 (D.Conn. 2002)(interpleader only "protect[s] plaintiff [ ] from multiple lawsuits involving singular liability.) Although the claims do not have to arise from a common source or origin to be adverse, see 28 U.S.C. § 1335(b), the threat of multiple liability must arise from a single obligation or right. "Claims are not adverse if the plaintiff stakeholder's potentially multiple liability arises from multiple obligations to different parties. Interpleader is intended 'to prevent multiple recoveries only when there are not multiple obligations.' " 4 Moore's Federal Practice 3d, § 22.03[1][d] (citing Bradley v. Kochenash, 44 F.3d 166, 169 (2d Cir.1995)). The requirement that the claims as to which interpleader is sought be adverse to each other "is not met when ... the 'stakeholder' may be liable to both claimants." Wright, Miller, & Kane § 1705, at 507-09. Thus, the protection against "double or multiple liability" provided 28 U.S.C. §1335(a) in this case is protection only against double or multiple liability that is unjustifiable because the plaintiff has but a single obligation. Bradley, 44 F.3d at 169; North American

2

Marketing Corp., 221 F.R.D. at 299 ("[a]dversity is not demonstrated when the stakeholder may be liable to all claimants.").

In this case, because of its action in wrongly recognizing an unauthorized power of attorney and in subsequently improperly changing the designated beneficiary, there is a strong possibility that William Penn may be liable to both parties. Specifically, it may face detrimental reliance/promissory estoppel claims based upon its representations to the Martin-Brins interpleader-defendants, and/or may also face liability to defendant Viscuso for either the policy proceeds [the most likely scenario given that both New York and Arizona law recognize that, where an attempt to change the beneficiary in a life insurance policy or benefit certificate has been unsuccessful, the prior beneficiary is entitled to the proceeds of the policy, her rights being unimpaired by the attempted change-- see Viscuso moving brief] or for its negligent acts in negligent handling a request to change a beneficiary.  Accordingly, while it is unlikely under established law that William Penn faces multiple liability to the interpled fund, as those proceeds properly belong to defendant Viscuso, there is a strong possibility that William Penn faces multiple liability in excess of the interpled fund. Therefore William Penn cannot establish the adversity requirements necessary to maintain an action in interpleader. Notably, but for the more relaxed jurisdictional requirements of 28 U.S.C. §1335, this Court would lack jurisdiction over this matter pursuant to 28 U.S.C. §1332.  Therefore, the Court should now in the exercise of its discretion refuse to permit this matter to proceed, and require William Penn to defend it actions in the pending state court action in New Jersey.[2]

---

[2] In part, defendant Viscuso concerns are also that the other parties' to this action will invent factual disputes requiring discovery on what is essentially a matter that should be granted as a matter of law immediately, and that the issues relating to interpleader will only further serve to muddy what would otherwise be clean waters. Viscuso is owed the policy proceeds either as the proper beneficiary or because William Penn negligently processed a request for change that was invalid and that it should never have allowed to stand.

Finally, and most frankly, interpleader jurisdiction creates the strong possibility that upon deposit William Penn will rely upon interpleader case law, and seek to claim that since it has deposited and has no interest in the distribution of the policy proceeds, that it be discharged from the action. This relief, even suggested by paragraph 13 of Mr. Meade's Certification, is exactly the result that defendant Viscuso now seeks to avoid by opposing the present motion. Simply put, the present conflict is a result of William Penns' negligence[3], it should therefore not be permitted to avail itself of a remedy only available to a disinterested stakeholder, and more importantly should in no way be permitted to walk away from the proverbial "hornets nest" that it created. Therefore, both fundamental equity and established law require that plaintiff William Penn's requested relief be denied.

---

[3] This is the precise basis of Viscuso's unclean hands argument or that the present controversy is the result of William Penn own improper acts. Truck-A-Tune, Inc. v. Re, 856 F. Supp. 77, 81 (D. Conn. 1993), aff'd, 23 F.3d 60 (2d Cir. 1994) (an "interpleader action is equitable in nature, and the doctrine of unclean hands can thus bar a stakeholder from successfully invoking it" and "interpleader will not be allowed where it might reward inequitable or improper conduct. *Id.* Such conduct includes any efforts by a stakeholder to develop adverse claims. See Mallory S.S. Co. v. Thalheim, 277 F. 196 (2d Cir.1921); Wasserman v. Fidelity & Deposit Co. of Maryland, Inc., 490 F.Supp. 564 (S.D.N.Y.1979).")). See also Kurland v. U.S., 919 F. Supp. 419, 422 (where interpleader has engaged in improper conduct, such as wrongfully disbursing funds after being put on notice of a lien, and is not an innocent stakeholder, the equitable relief available through interpleader will not be allowed); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Coric, 924 F. Supp. 373, 381 (N.D. N.Y. 1996), aff'd in part, rev'd in part on other grounds, 108 F.3d 17 (2d Cir. 1997) (interpleader relief may be withheld where allowing it might reward inequitable or improper conduct); See also U.S. Fire Ins. Co. v. Asbestospray, Inc., 1998 WL 631972 (E.D. Pa. 1998), vacated on other grounds, 182 F.3d 201 (3d Cir. 1999), at *1 (party seeking interpleader must come to the court with clean hands; interpleader will not be allowed where it might reward inequitable or improper conduct).

**CONCLUSION**

For the foregoing reasons, William Penn's Complaint In Interpleader should be dismissed pursuant to Rule 12(b) (1) or (6), or in the alternative this Court should grant defendant Viscuso a judgment permitting her withdraw of the entire policy limit, or for an amount equal the entire policy as against interpleader plaintiff William Penn.

        CONNELL FOLEY LLP
        Attorneys for Interpleader-Defendant
        Kimbal Viscuso


        BY:   \s\ M. Trevor
                M. Trevor Lyons