UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                Plaintiff,

   -against-

KIMBAL VISCUSO, CHARLES M. BIRNS         08 Civ. 1141 (WCC)
and BETH S. MARTIN-BIRNS,

                                                          **ECF CASE**

                Defendants.

------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW

BLEAKLEY PLATT & SCHMIDT, LLP
*ATTORNEYS FOR PLAINTIFF*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

                        Plaintiff,

  -against-

KIMBAL VISCUSO, CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS,

                        Defendants.

------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW**

08 Civ. 1141 (WCC)

**ECF CASE**

## POINT I

### REPLY TO THE OPPOSITION OF DEFENDANT VISCUSO TO THE MOTION OF WILLIAM PENN

The Viscuso opposition to William Penn's motion to deposit the policy proceeds and to enjoin the New Jersey action repeats the same arguments made by Ms. Viscuso in her motion for summary judgment. The contention that the claims against William Penn, asserted by the defendants, do not arise out of the same underlying obligation is simply wrong. Both the Viscuso claim and the Birns' claim seek recovery of the proceeds of the same policy of life insurance. As shown in William Penn's memorandum in opposition to the Viscuso motion for summary judgment, the fact that recovery of an amount equivalent to the proceeds is sought by the Birns defendants on other theories, has no relevance to the issue of the propriety of interpleader. As long as there is a multiple claim to the same fund, as there unquestionably is here, interpleader is proper. The cite to 4 MOORE'S FEDERAL PRACTICE 3D,

§ 22.03(1)(d) on page 2 of the Viscuso opposition memorandum in support of the proposition that interpleader is improper when there are multiple claims based on multiple liabilities is misleading and erroneous. As indicated in that section, interpleader is proper if the rival claimants seek to recover the same fund. If that situation exists, as it does here, then the fact that independent claims are made against the stakeholder is irrelevant to the propriety of interpleader.

As discussed on page 3 of William Penn's memorandum in opposition to the Viscuso motion, Ms. Viscuso is relying upon a discredited principle of former federal practice to the extent that she persists in arguing that multiple claims to the same fund and independent liability claims cannot be asserted in an interpleader action.

The Birns defendants concede the propriety of interpleader under our facts in their memorandum of law.

The erroneous unclean hands argument of Ms. Viscuso, in which she persists, is responded to in Point I of William Penn's memorandum in opposition to her motion for summary judgment.

The contention of Ms. Viscuso that William Penn should be denied interpleader relief to determine the claims to the policy proceeds and relegated to defending the New Jersey action against it alone is unsupported by the law and the facts. The very purpose of federal statutory interpleader is to permit a resolution of all of the claims to a common fund where there is no other procedural vehicle to accomplish such a result. As demonstrated in William Penn's motion, this is the only action in which that can be accomplished.

## POINT II

### THE MEMORANDUM OF THE BIRNS DEFENDANTS CONTAINS MANY ERRONEOUS LEGAL ARGUMENTS

A casual reader of the Birns defendants memorandum would not realize that their entire case is based upon an act which may well subject Michael Birns to civil penalties and possible criminal prosecution under Arizona law. The Power of Attorney executed by Jon Fieldman, upon which the Birns defendants case rests, contained a prohibition against its use to change the beneficiary of a life insurance policy. Not only did Michael Birns, as attorney in fact for Mr. Fieldman, violate this prohibition, he attempted to use his fiduciary status to change the beneficiary of the Fieldman policy to his wife and son!

Section 14-5506(A) of the Arizona Revised Statutes provides that, with inapplicable exceptions, "an agent shall use the principal's money, property or other assets only in the principal's best interest and the agent shall not use the principal's money, property or other assets for the agent's benefit. An agent who violates this subsection is subject to prosecution under title 13 and civil penalties pursuant to section 46-456." A copy of the statute is annexed to this memorandum. "Title 13" is the Arizona "Criminal Code."

Subdivision F1 of this statute provides that "[b]est interest means the agent acts solely for the principal's benefit."

In the present matter, it is evident from the fact that no affidavit is submitted by Michael Birns concerning his attempts to change the beneficiary that he acted solely on his own initiative and for his own benefit when the Power of Attorney was used to, in effect, make a gift to his wife and son of the $350,000 policy proceeds.

3

Such an act would also have been impermissible under New York law. <u>Matter of Roth</u>, 283 A.D.2d 504 (2d Dept. 2001).

The Birns defendants' memorandum presents absolutely no justification for the acts of Michael Birns. It erroneously assumes that such acts invested the beneficiaries with the status of parties to the insurance contract. They then cite to several legal theories which could be relied upon by an actual party to a contract not someone attempting to leverage a void act.

For example, in Point IIIA, the Birns defendants argue that William Penn cannot reform the policy to substitute the proper beneficiary since such an act would prejudice them! Their initial argument relying on the obscure concept of estoppel by contract quickly fails when the cited cases are examined. The Birns defendants' certainly are not parties to the contract which was between William Penn and the owner, Jon Fieldman. See Ex. B to the William Penn motion. As stated on page 4 of the policy, only the owner could change the beneficiary. It is absolutely erroneous for the Birns defendants to contend that Michael Birns was acting for the owner when he attempted to change the beneficiary since the authorization relied upon to effect the change expressly indicated that such power was not delegated to Michael Birns.

The Birns defendants cite <u>Woodard v. General Motors Corp.</u>, 298 F.2d 121 (5th Cir. 1962) in support of their baseless contention that William Penn is estopped from disputing their asserted status as beneficiaries of the policy. According to this case, "[t]here can be no estoppel by contract in the absence of a showing by the party invoking it that he was misled to his injury by a reliance upon recitals in the instrument and that he had no notice of facts contrary to those recited." <u>Id.</u> at 129. Here, however, Mr. Birns was charged with notice of

the prohibition contained in the Power of Attorney concerning its use to change the beneficiaries of life insurance policies.

It is evident that non-parties to a contract cannot assert such an estoppel and that the Birns defendants status as a party to the contract fails in view of the invalidity of the attempted change of beneficiary.

On pages 12-15, the Birns defendants cite interpleader principles which are totally inapplicable to them because of their interloper status.

The Birns defendants are no different than a person who attempted to impersonate the owner and change the beneficiary of a life insurance policy in his favor. Could such a person seriously contend that reformation for mutual mistake was not available since it was his intent to effect an invalid change of beneficiary? The obvious answer is "no." Yet, this is the argument that the Birns defendants repeatedly make.

Courts have long developed rules to deal with such contentions. Reformation to correct an obvious error will be granted when the interests of justice require. For example, Prudential Ins. Co. of America v. Glascow, 208 F.2d 908 (2d Cir. 1953) was an interpleader action where it appeared that the insurer made an erroneous beneficiary designation on a replacement policy as the result of a clerical error. The beneficiaries of record insisted their designation was correct. This was not a bar to reformation. "We think it is obvious that naming the sisters instead of the wife as beneficiary in the new certificate was a mistake resulting from Prudential's failure to inspect its own files" to determine the proper beneficiary when a replacement policy was issued. Id. at 911.

Metropolitan Life Ins. Co. v. Oseas, 261 A.D. 768, 772, aff'd 289 N.Y. 731 (1943) involved a suit to reform a policy of life insurance to correct what the insurer established was

5

an obvious error in overstating the amount of the coverage provided. The insured, like the Birns defendants, argued that any mistake was unilateral and could not be reformed. The Court relied upon authority that it is a constructive fraud to refuse to correct an obvious error and granted reformation.

New York courts traditionally allow reformation where there has been a mutual mistake or unilateral mistake induced by fraud or inequitable conduct. See, e.g., John Hancock Mutual Life Insurance Co. v. Carolina Power & Light Company, 717 F.2d 664 (2d Cir. 1983). The misuse of the Power of Attorney by Michael Birns was surely inequitable. Here, as in Metropolitan Life v. Oseas, supra, the very "presentation of that claim was such a fraud . . . as to call for application of broad equitable principles. . ." to reform the policy.

William Penn submits that the reformation principles cited by the Birns defendants assume that the party presenting such contentions has status under the contract. Here, the Birns defendants do not. A simple declaration by this Court to that effect would appear to be appropriate in view of their inequitable insistence upon the protection of legal principles which were never intended for their benefit.

It is unseemly for the Birns defendants on page 16 to accuse William Penn of "unclean hands." To accuse William Penn on that same page of "willful conduct which would be condemned and pronounced wrongful by honest and fair-minded men" borders on the ridiculous under the facts. The same characterization also must be made to the contention on page 17 that William Penn misled Michael Birns into paying the premiums.

The Birns defendants simply do not occupy the position of honest policyholders needed to avail themselves of the protections afforded by the courts to prevent forfeitures as in the cases cited on page 17.

The argument in Point IV of the Birns defendants' memorandum that the change of beneficiary was effective because it was in a form acceptable to William Penn is invalid for the reasons stated in the preceding paragraph. It is difficult to even seriously consider the argument made on page 18 that the fact that a proper William Penn form was used for the attempted change rendered the change valid "notwithstanding the terms of the Durable Power of Attorney."

The rule cited on page 19 on the Birns memorandum that the commencement of an interpleader action by an insurer waives formal defects in the procedures used to change a beneficiary can have no favorable application to them under our facts. The essence of such cases is that the intent of the owner concerning the beneficiary is to be upheld whenever possible. Here, there has been absolutely no showing, or even a claim, that Jon Fieldman intended that the beneficiary should be changed.

The argument on page 26 that no statutory violation has been shown in this matter is refuted by the evident violation by Michael Birns of the Arizona statute previously discussed.

<u>Stavros v. Western & Southern Life Ins. Co.</u>, 486 S.W.2d 712 (Ky 1972) is cited on page 21 of the Birns defendants memorandum for the proposition that an insurer who has paid life insurance proceeds to an improperly designated beneficiary remains liable to the correct beneficiary and cannot recover from the payee. This is erroneous. It is evident from the opinion that the person who improperly changed the beneficiary and received the proceeds was also a party. Although not identified in the caption that person (Bonnie Potter) is identified as the "appellee" in the opinion. The opinion also indicates that the action was to recover the funds "from the Company or Bonnie." It appears that the insurer successfully

argued at trial that payment to the wrong beneficiary was a complete defense. This position was not upheld on appeal.

In the present matter, William Penn has never raised such a defense. It is, however, the contention of William Penn that payment should only be made to one party to be determined by this Court and that the other party has no remedy against William Penn.

The request of the Birns defendants for interest at the CPLR statutory rate of 9% is contrary to § 3214(c) of the Insurance Law which provides for interest on the proceeds of life insurance policies "at the rate of interest currently paid by the insurer on proceeds left under the interest settlement option. . ." For this policy the interest settlement option rate is "at least 5½%." The policy provides that William Penn may determine to pay a higher rate. See page 12 of the policy which is Exhibit "B" to the William Penn motion. As indicated in the affidavit of Victor Fonseca, submitted in support of William Penn's motion, no decision to pay a higher rate has been made by William Penn with reference to its policies. Consequently, the rate of interest for this policy is 5 ½ %.

## CONCLUSION

THE MOTION OF WILLIAM PENN SHOULD BE GRANTED.

Dated: White Plains, New York
       May 27, 2008

BLEAKLEY PLATT & SCHMIDT, LLP

BY: *[signature]*
ROBERT D. MEADE (RM-8324)
*Attorneys for Plaintiff*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

LexisNexis® *Total Research System*                                      Switch Client | Preferences | Sign Off | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Counsel Selector |     Dossier | History |

Service: **Get by LEXSTAT®**
TOC: Arizona Revised Statutes, Constitution, Court Rules & ALS, Combined > /.../ > ARTICLE 5. POWERS OF ATTORNEY > § 14-5506. Powers of attorney; best interest; intimidation; deception; definitions
Citation: arizona revised statutes 14-5506

*A.R.S. § 14-5506*

ARIZONA REVISED STATUTES
Copyright 2008 by Matthew Bender & Company Inc., a member of the LexisNexis Group.
All rights reserved.

*CURRENT THROUGH THE FIRST REGULAR SESSION OF THE 48TH LEGISLATURE (2007)*
*Annotations current through cases posted on Lexis.com as of January 4, 2008*

TITLE 14. TRUSTS, ESTATES AND PROTECTIVE PROCEEDINGS
CHAPTER 5. PROTECTION OF PERSONS UNDER DISABILITY AND THEIR PROPERTY
ARTICLE 5. POWERS OF ATTORNEY

**Go to the Arizona Code Archive Directory**

A.R.S. § 14-5506 (2007)

§ 14-5506. Powers of attorney; best interest; intimidation; deception; definitions

A. Except as provided in subsection B of this section, an agent shall use the principal's money, property or other assets only in the principal's best interest and the agent shall not use the principal's money, property or other assets for the agent's benefit. An agent who violates this subsection is subject to prosecution under title 13 and civil penalties pursuant to section 46-456.

B. Any authority, the use of which is not in the principal's best interest or is for the agent's benefit including contracted for commissions, fees or other compensation shall be specifically identified in detail within the instrument or a written contract signed by the principal that is specifically identified by the instrument and be separately initialed by the principal and the witness at the time of execution.

C. If the agent acted with intimidation or deception as defined in section 46-456 in procuring the power of attorney or any authority provided in the power of attorney, the agent is subject to prosecution under title 13 and civil penalties pursuant to section 46-456.

D. A power of attorney executed by an adult who does not have capacity is invalid. In a criminal proceeding, the agent has the burden of proving by clear and convincing evidence that the principal had capacity. In a civil proceeding, if the party challenging the validity of a power of attorney on the grounds of lack of capacity proves by a preponderance of the evidence that, at the time the power of attorney was executed the principal was a vulnerable adult, the agent has the burden of proving by clear and convincing evidence that the principal had capacity. In a civil proceeding if the party challenging the validity of a power of attorney on the basis of lack of capacity does not prove by a preponderance of the evidence that, at the time the power of attorney was executed, the principal was a vulnerable adult, the agent has the burden of proving by a preponderance of the evidence that the principal had capacity.

E. A person who in good faith either assists or deals with an agent is protected as if the agent properly exercised the agent's power regardless of whether the authority of that person as the agent has been terminated.

F. For purposes of this section:

   1. "Best interest" means the agent acts solely for the principal's benefit.

   2. "Capacity" means that at the time the power of attorney was executed the principal was capable of understanding in a reasonable manner the nature and effect of the act of executing and granting the power of attorney.

   3. "Vulnerable adult" has the same meaning prescribed in section 46-451.

**HISTORY:** Laws 1998, Ch. 161, § 4.

**NOTES:**
PUBLISHER'S NOTE
   This section applies only to powers of attorney executed from and after August 22, 1998.

   Service: **Get by LEXSTAT®**
       TOC: Arizona Revised Statutes, Constitution, Court Rules & ALS, Combined > /.../ > ARTICLE 5. POWERS OF ATTORNEY >
            **§ 14-5506. Powers of attorney; best interest; intimidation; deception; definitions**
   Citation: **arizona revised statutes 14-5506**
       View: Full
 Date/Time: Wednesday, February 13, 2008 - 4:42 PM EST

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help



LexisNexis®    About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.