UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE WILLIAM PENN LIFE INSURANCE
COMPANY OF NEW YORK,

        Plaintiff,

  -against-

KIMBAL VISCUSO,  CHARLES M. BIRNS
and BETH S. MARTIN-BIRNS

        Defendants.

Civil Action No. 08 Civ. 1141 (WCC)

ECF CASE

---

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT KIMBAL VISCUSO'S
MOTION TO DISMISS THE WILLIAM PENN LIFE INSURANCE COMPANY
OF NEW YORK'S ACTION IN INTERPLEADER**

---

Connell Foley LLP
Attorneys for Kimbal Viscuso
888 Seventh Avenue,
Suite 3401
New York, NY 10106
(212) 262-2390

*Of Counsel:*
    M. Trevor Lyons

*On the Brief:*

    M. Trevor Lyons

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................1

LEGAL ARGUMENT ....................................................................................................3

POINT I ..........................................................................................................................3

      WILLIAM PENNS' ARGUMENTS IGNORE ONE SIMPLE    AND
      BASIC FACT; ITS OWN CONDUCT IS THE SOURCE OF THE
      PRESENT DISPUTE ...........................................................................................3

        I.    William Penn Lacks Clean Hands Because It Is Seeking To Invoke
             Equity With Regard To A Dispute That Is Of Its Own Making.............................3

        II.   While There Is No Doubt That Viscuso May Bring Counterclaims,
             William Penn Primarily Still   Faces Multiple Liability To Each
             Interpleader Defendant. ...........................................................................4

        III.  There Are No Factual Disputes That Should Bar Summary
             Adjudication To Viscuso At  This Time. ....................................................5

POINT II ........................................................................................................................7

      THE BIRNS' DEFENDANTS ARGUMENTS REST ON THE
      ERRONEOUS PRESUMPTION THAT MICHAEL BIRNS STOOD IN
      THE PLACE OF THE INSURED.........................................................................7

CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

**Page**

*Cases*

Androvette v. Treadwell, 73 N.Y.2d 746,
532 N.E.2d 1271, 536 N.Y.S.2d 43 (N.Y.
Nov 22, 1988)...................................................................................................5, 6

Bradley v. Kochenash, 44 F.3d 166 (2d
Cir.1995)....................................................................................................................5

Farmers Irrigating Ditch & Reservoir Co. v.
Kane, 845 F.2d 229 (10th Cir. 1988)........................................................................3

Mallory S.S. Co. v. Thalheim, 277 F. 196,
201 (2d Cir. 1921) ....................................................................................................3

Mohawk Airlines, Inc. v. Peach, 61 A.D.2d
346, 402 N.Y.S.2d 496 (N.Y.A.D. 1978)..................................................................5

Nomura Securities Intern., Inc. v. E*Trade
Securities, Inc., 280 F.Supp.2d 184, 201
(S.D.N.Y. 2003)........................................................................................................4

Precision Instrument Mfg. Co. v.
Automotive Maintenance Machinery Co.,
324 U.S. 806, 65 S.Ct. 993 (1945) ..........................................................................4

Wright, Miller, & Kane § 1705, at 507-09 ..................................................................5

*Other Authorities*

28 U.S.C. §1335(a) ......................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff The William Penn Life Insurance Company Of New York ("William Penn") primary arguments are (1) that its actions constitute only negligence and therefore it cannot be said to have engaged in sufficiently immoral or unconscionable to be barred for seeking equitable remedies; (2) that regardless of any additional counterclaims there are two competing claims to the same fund, and therefore under the modern federal rule interpleader is appropriate; and (3) summary adjudication is premature without discovery.   William Penns' first two arguments ignore the fact that the only reason there are competing claims to the interpled fund is because of William Penn's own actions, and the last argument is meritless in that discovery will not change the fact that the change of beneficiary was accomplished pursuant to a void and sham transaction, and therefore was void *ab initio*. In such cases, New York law is clear that prior beneficiary is entitled to the proceeds of the policy, her rights being unimpaired by the attempted change.

Similarly, Charles M. Birns' and Beth S. Martin-Birns' ("Birns defendants) arguments are that Michael Birns effected a valid change of beneficiary because plaintiff William Penn accepted the change of beneficiary, and mutual mistake is not a defense where one party did not exercise reasonable care. This ignores the fact, however, that the initial change was completed not just because of a negligent mistake by Liberty Mutual, but also because of a misrepresentation by  Michael Birns that he was in a position to effect the change.  Because that representation was not true, and Michael Birns did not stand in the place or proverbial shoes of policy holder, he simply did not have the ability to change the name of any beneficiary in any insurance contract. Therefore, rather than the question of whether there was a mutual mistake by the parties to the contract, the proper inquiry is whether there was ever sufficient authority to make Michael Birns a party to the contract-- such that he could change the beneficiary-- in the

first place. There was not, and therefore Kimbal Viscuso, the prior beneficiary, is entitled to the proceeds of the policy, her rights being unimpaired by the attempted and actually void change.

Therefore regardless of whether the Birns defendants *ex delicto* claims for negligent representation and contractual estoppel are ultimately successful or not, William Penn's Complaint In Interpleader should be dismissed pursuant to Rule 12(b) (1) or (6), or in the alternative this Court should grant defendant Viscuso a judgment permitting her withdraw of the entire policy limit or for an amount equal the entire policy as against interpleader plaintiff William Penn.

## LEGAL ARGUMENT

### POINT I

### WILLIAM PENNS' ARGUMENTS IGNORE ONE SIMPLE AND BASIC FACT; ITS OWN CONDUCT IS THE SOURCE OF THE PRESENT DISPUTE.

**I.    William Penn Lacks Clean Hands Because It Is Seeking To Invoke Equity With Regard To A Dispute That Is Of Its Own Making.**

Without simply repeating the argument already made, it is well established that a tort-feasor cannot obtain protection in an action in the nature of interpleader against the consequences of its own wrong. Mallory S.S. Co. v. Thalheim, 277 F. 196, 201-202 (2d Cir. 1921)("Where it appears that as to any of the defendants the complainant is a wrongdoer, his bill of interpleader cannot be sustained."); Pan American Fire & Casualty Co., 188 F Supp. at 481-82 ("One application of the rule is that 'a tortfeasor cannot obtain protection in an action in the nature of interpleader against the consequences of his own wrong"); Farmers Irrigating Ditch & Reservoir Co. v. Kane, 845 F.2d 229 (10th Cir. 1988) ("It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader").

In response William Penn asserts that its conduct in mishandling the relevant change of beneficiary lacks sufficient intent to prevent it from availing itself of equitable remedies, including interpleader.  This ignores the fact, however, that in the context of unclean hands, courts have recognized that alleged "misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause." Nomura Securities Intern., Inc. v. E*Trade Securities, Inc., 280

F.Supp.2d 184, 201 (S.D.N.Y. 2003); <u>Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.</u>, 324 U.S. 806, 65 S.Ct. 993 (1945)("Accordingly one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.").

In this case, William Penns' actions in accepting a change of beneficiary form from a non-party who was not authorized by the contracting party, Jon Fieldman, to make such a change was in violation of its contractual duty of good faith to its insured.  Such conduct sufficiently departs from recognized standards of conduct [in this care] to justify the assertion of the unclean hands doctrine, particularly given that William Penn also seeks to bring an action in interpleader to resolve the very dispute that has arisen because of its own failure to act with reasonable care. <u>Precision Instrument Mfg. Co.</u>, 324 U.S. at 815 ("This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is 'not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.").

**II.    <u>While There Is No Doubt That Viscuso May Bring Counterclaims, William Penn Primarily Still   Faces Multiple Liability To Each Interpleader Defendant.</u>**

William Penn asserts that Viscuso has failed to recognize a modern trend towards permitting interpleader with respect to a fund for which there may be contested claims even when the stakeholder is not disinterested because of the possibility of additional liability to both claimants by way of counterclaims.[1] Again, without belaboring the point, the primary contested claims to the fund only exist because of William Penns' own actions. Therefore, what is at stake

is not primarily the distribution of the proceeds pursuant to the policy, but whether both parties'
may claim damages in the amount of the proceeds because of William Penns actions. As was set
forth in Viscuso moving papers and opposition, the possibility of multiple judgments because of
multiple liabilities is not a sufficient grounds for interpleader.  Simply put, the requirement that
the claims as to which interpleader is sought be adverse to each other "is not met when ... the
'stakeholder' may be liable to both claimants." Wright, Miller, & Kane § 1705, at 507-09. Thus,
the protection against "double or multiple liability" provided 28 U.S.C. §1335(a)  in this case is
protection only against double or multiple liability that is unjustifiable because the plaintiff has
but a single obligation. Bradley v. Kochenash, 44 F.3d 166, 169 (2d Cir. 1995);  North American
Marketing Corp. v. K. Gronbach & Assoc., Inc., 221 F.R.D. 296, 299 (D. Conn. 2002)
("[a]dversity is not demonstrated when the stakeholder may be liable to all claimants.").  Because
that liability is primary, regardless of how antiquated the notion may be, this not an action in
which interpleader should be available to William Penn.

### III.    There Are No Factual Disputes That Should Bar Summary Adjudication To Viscuso At This Time.

Plaintiff William Penn asserts that are several issues of intent that are factual disputes that
require discovery before judgment as a matter of law should be granted to Viscuso.[2] However,
there can be no dispute that change of beneficiary form was never actually executed by the
decedent because the change of beneficiary form executed by Michael Birns was void *ab initio*.
In such circumstances, it is clear that the testator's intent is irrelevant, and the under the plain
terms of EPTL 13-3.2(d), the designation of a beneficiary under a group life insurance policy

---

[1]  In this regard, defendant Viscuso notes that her counsel electronically shepardized or key cited
Trowbridge v. Prudential Ins. Co. of Am., 322 F. Supp. 190, 193-94 (S.D.N.Y. 1971), and it
remains good law.

"must be made in writing and signed by the person making the designation." <u>Mohawk Airlines, Inc. v. Peach</u>, 61 A.D.2d 346, 402 N.Y.S.2d 496 (N.Y.A.D. 1978). As no party identifies or asserts any such subsequent writing, Viscuso should receive the life insurance proceeds at this time, and not before much of its benefit is exhausted in discovery. <u>Androvette v. Treadwell</u>, 73 N.Y.2d 746, 532 N.E.2d 1271, 536 N.Y.S.2d 43 (N.Y. Nov 22, 1988)( "Although the lower courts found that this change was made at decedent's direction and reflected his intent, the lack of a contemporaneous signature by decedent indicating his assent renders the change of beneficiary ineffective under the plain terms of EPTL 13-3.2(d).").

---

[2] Defendant Viscuso has not submitted the required 56.1 statement because there are no facts other than those asserted in the pleadings that are necessary to decide this motion in her favor.

## POINT II

## THE BIRNS' DEFENDANTS ARGUMENTS REST ON THE ERRONEOUS PRESUMPTION THAT MICHAEL BIRNS STOOD IN THE PLACE OF THE INSURED.

Reduced to its essentials the Birns argument is that Michael Birns effected a valid change of beneficiary because plaintiff William Penn accepted the change of beneficiary, and mutual mistake is not a defense where one party to a contract did not exercise reasonable care. This argument rests on the erroneous presumption that Micheal Birns ever actually stood in the place of the insured, Jon Fieldman, was a party to the contract, and therefore there could have been a mutual mistake that could now be charged against William Penn. The relevant power to designate a beneficiary on any insurance policy, however, was never delegated to Michael Birns, and he therefore stood as stranger to the contract at all times. Accordingly, whether accepted by William Penn or not, the underlying attempt to change the beneficiary was void *ab initio,* and Kimbal Viscuso, the prior beneficiary, is entitled to the proceeds of the policy, her rights being unimpaired by the attempted [and actually void] change.

Following general agency principles, an action taken in direct contravention to the enumerated powers of a power-of-attorney is void or invalid. Salonen v. Salonen, 8 A.D.3d 255, 777 N.Y.S.2d 326 (N.Y.A.D. 2 Dept. 2004)("The power of attorney, by its own terms, expressly excluded from the authority granted to the defendant the power to make gifts to herself as attorney-in-fact. Accordingly, her contention that the transaction was authorized under the 'all other matters' provision of the power of attorney is without merit, and the conveyance was invalid "(internal citations omitted)); In re Culbreth, 48 A.D.3d 564, 852 N.Y.S.2d 246 (N.Y.A.D. 2 Dept., 2008) ("The power of attorney executed by the decedent did not authorize the attorney-in-fact to make gifts. Accordingly, the gratuitous conveyances of the decedent's

properties by the attorney-in-fact to her mother were in violation of the fiduciary duty she owed to the decedent, and were therefore invalid."). Therefore, the Birns defendants' argument that there was mutual mistake that should be charged against William Penn[3] is irrelevant as Michael Birns never possessed the power to form or to amend the relevant contract, even a contract based upon a mutually mistaken belief, in the first place.

In this regard, the Birns defendants indicate that the case law that defendant Viscuso cites in her moving papers is distinguishable because there were specific prohibitions in those cases which prevented the underlying change of beneficiary. In this regard to the extent that Mr. Birns sought to change the beneficiary to his own wife and children, there is a real question of whether his conduct also violated his duty as an agent "to act with the utmost good faith... in accordance with the principles of morality, fidelity, loyalty and fair dealing." Mantella v. Mantella, 268 A.D.2d 852, 852 (3d Dep't 2000). That relationship imposed on Respondents the duty to "not make a gift to [themselves] or a third party of the money or property which is the subject of the agency relationship." Semmler v. Naples, 166 A.D.2d 751, 752 (3d Dep't 1990), appeal dismissed, 77 N.Y.2d 936 (1991). Specifically Mr. Birns [or more precisely the Birns defendants] must overcome "a presumption of impropriety and self-dealing, a presumption that can be overcome only with the clearest showing of intent on the part of the principal to make this gift." In re Estate of DeBelardino, 77 Misc. 2d 253, 257 (Surr. Ct. Monroe Co. 1974), decree aff'd, 47 A.D.2d 589 (4th Dep't 1975). Therefore, Mr. Birns actions were also proscribed as per se bad faith under New York Law. See Matter of Roth, 283 A.D.2d 504 (2nd Dept. 2001).

---

[3] While strict compliance with general rule mandating that method prescribed by insurance contract be followed when changing beneficiary under life insurance policy is not always required, there must still be an act or acts designed for the purpose of making the change, though they may fall short of accomplishing it. In this case, the actual power of attorney is to the opposite as it sets forth an explicit limitation on the right of the attorney to change the beneficiary of any life insurance agreement.

Accordingly, because the change was void *ab initio*, pursuant to well established law defendant Viscuso as the prior beneficiary is entitled to the proceeds of the policy, her rights being unimpaired by the attempted change. State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116 (5th Cir. 1990); Ward v. Stratton, 988 F.2d 65 (8th Cir. 1993); Androvette v. Treadwell, 73 N.Y.2d 746, 536 N.Y.S.2d 43, 532 N.E.2d 1271 (1988); Campbell v. Metropolitan Life Ins. Co., 812 F. Supp. 1173 (E.D. Okla. 1992); Stavros v. Western & Southern Life Ins. Co., Inc., 486 S.W.2d 712 (Ky. 1972). This is the case regardless of what representation were made to defendants Charles M. Birns and Beth S. Martin-Birns, that would support their *ex delicto* claims for negligent representation and contractual estoppel.

Finally, defendant Viscuso would ask the Court to actually reflect on the Birns defendants' argument regarding reformation being unavailable in this case. Specifically, their assertion that William Penn's misconduct was insufficient to impede its present attempt to seek the equitable relief of interpleader, but was still bad enough to bar the equitable relief of reformation borders on the disingenuous or at least insincere. Defendant Viscuso is entitled to the proceeds either because the underlying change was void ab initio or because the insurance contract must be equitable reformed given Michael Birns' admitted actions.

## CONCLUSION

For the foregoing reasons, William Penn's Complaint In Interpleader should be dismissed pursuant to Rule 12(b) (1) or (6), or in the alternative this Court should grant defendant Viscuso a judgment permitting her withdraw of the entire policy limit or for an amount equal the entire policy as against interpleader plaintiff William Penn.

CONNELL FOLEY LLP
Attorneys for Interpleader-Defendant
Kimbal Viscuso

BY:   \s\ M. Trevor
         M. Trevor Lyons

DATED:  May 27, 2008