

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK   CONNECTICUT

ROBERT D. MEADE
914.287.6112
RMEADE@BPSLAW.COM

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

June 9, 2008

**By ECF and Regular Mail**

Hon. William C. Conner
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601

    Re: *William Penn Life Insurance Company of New York v. Kimbal Viscuso, et. al.*
        **08 Civ. 1141**

Dear Judge Conner:

    We are the attorneys for the plaintiff. In a letter dated June 4, 2008, the attorneys for the Birns defendants submit sur-reply arguments. The Court is requested to accept this response in the event the untimely submission of the defendants is considered.

    The Birns' submission is replete with errors. It is contended that the life insurance policy at issue was not an asset of Jon Fieldman since he was not the beneficiary. However, as indicated in Exhibit B to my affidavit of April 23, 2008, submitted in support of the William Penn motion, Mr. Fieldman was the owner of the policy. As indicated therein, the owner is a party to the contract and has the right to surrender the policy for its cash value, and to name and change the beneficiary. When, as here, the owner has reserved the right to change the beneficiary, such beneficiary has no property interests in the policy while the insured is alive. See, e.g. 71 New York Jurisprudence 2d, Insurance § 2092.

    Jon Fieldman expressly refused to transfer the right to change the beneficiary to his attorney-in-fact, Michael Birns. The contention that the disregarding of his directive by Michael Birns was in Mr. Fieldman's best interest is not an argument for Mr. Birns to make. The Birns defendants misunderstand the reason William Penn cited the Arizona statutes. William Penn has no intention of referring this matter to the appropriate Arizona prosecutor for consideration. The statutes establish, however, that, under Arizona law, Mr. Birns was completely without authority to misuse his fiduciary status to his personal advantage.

    The attorney for the Birns defendants cannot contend that Michael Birns was unaware of the restriction in the power of attorney concerning changing the beneficiary of a life insurance policy. Only Michael Birns can make such a statement and he has not done so.

Hon. William C. Conner
June 9, 2008
Page 2

    As discussed in William Penn's reply memorandum, if Mr. Birns was unaware of the restriction, reformation would be proper based upon mutual mistake. If he consciously disregarded the restriction, reformation would be available to William Penn based upon unilateral mistake.

    The argument that the beneficiary status of Charles M. Birns and Beth S. Martin-Birns is not affected by the inability of Michael Birns to confer such status upon them is legally and logically unsupportable. Where else can they point to support their status except the invalid acts of Michael Birns?

                                  Respectfully,

                                  ROBERT D. MEADE

RDM:sam

cc:   Robert B. Weissman, Esq.
      M. Trevor Lyons, Esq.